IN RE INTEREST OF R.J., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. R.J., APPELLANT.
401 N.W.2d 691

Filed March 6, 1987.   No. 86-548.

David T. Schroeder, for appellant.

Vincent Valentino, York County Attorney, and Charles W. Campbell, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The county court for York County, sitting as a juvenile court, adjudged the appellant, a male juvenile of the age of 15 years, to be a juvenile within the meaning of Neb. Rev. Stat. § 43-247(1) (Cum. Supp. 1986), i.e., a juvenile under the age of 16 years who has committed a misdemeanor or infraction under the laws of this state in that he had violated Neb. Rev. Stat. § 28-709 (Reissue 1985) by contributing to the delinquency of a child. This determination was affirmed by the district court for York County.

On appeal to this court, error is assigned because of the failure of the courts below to find § 28-709 unconstitutionally vague and overbroad and in their failing to find that the evidence was insufficient to find a violation of § 28-709.

Section 28-709 provides in pertinent part as follows:

(1) Any person who, by any act, encourages, causes, or contributes to the delinquency or need for special

supervision of a child under eighteen years of age, so that such child becomes, or will tend to become, a delinquent child, or a child in need of special supervision, commits contributing to the delinquency of a child.

. . . .

(b) A child in need of special supervision shall mean any child under the age of eighteen years . . . who deports himself so as to injure or endanger seriously the morals or health of himself or others.

(3) Contributing to the delinquency of a child is a Class I misdemeanor.

The child in this case was a 14-year-old female. The act which it was alleged contributed to her delinquency occurred on September 20, 1985. According to her testimony, she, the juvenile, and a 19-year-old male friend of the juvenile were together at that friend's apartment. She stated that the two males undressed her, removed their own clothes, and then each, alternately, commencing with the juvenile, engaged in two acts of sexual intercourse with her.

This testimony was substantiated by that of the 19-year-old friend, except that he described only one act of intercourse by each, the juvenile and himself. However, he did testify to circumstances suggesting that in his apartment on an earlier occasion the juvenile had engaged in some type of sexual activity with the child and that later in the evening the juvenile told him, "You ought to try her sometime." Although not referring to this specific occasion, the child testified that she had engaged in sexual intercourse with the juvenile on 8 or 10 previous occasions.

The minor child also testified that she had willingly engaged in sexual activity with the juvenile, that as a result of these activities coming to light she had been "grounded" by her family and was now going to counseling, and that she had not been sexually active with anyone before these occasions.

Norman Cobb, a police officer of the city of York, testified that the two witnesses had given him the same information approximately 1 week after the September 20 incidents when he took the minor child and the 19-year-old friend into custody at the latter's apartment.

Appellant's challenge to the constitutionality of § 28-709 is nearly identical to that made and rejected in *State v. Cialkowski*, 193 Neb. 372, 227 N.W.2d 406 (1975), and *State v. Simants*, 182 Neb. 491, 155 N.W.2d 788 (1968). The legislation is constitutional, and the first assignment of error is without merit.

In his brief appellant correctly states that in order to sustain the judgments of the lower courts it is necessary that he be shown to have by his actions encouraged, caused, or contributed to the minor's deporting herself so as to injure or endanger seriously her principles or habits with respect to right or wrong conduct.

In addition to the testimony of the child that she had been "grounded" and was in counseling, her stepfather told how he and his wife previously had found evidence of the child's untruthfulness, and also recently, particularly with respect to her whereabouts on the night of the sexual episodes previously referred to and to two other occasions when she apparently stayed overnight with the juvenile's friend. He also testified that the child had indicated to him that she was lonely and that the juvenile knew this, and the juvenile's sexual relations with her "has not helped one bit."

Common sense, as well as the sense of decency, propriety, and the morality which most people entertain, to say nothing of the health threat which promiscuous sexual activity promotes, when joined with the obvious consequences which have befallen this child of immature years, amply demonstrates that the actions of the juvenile have contributed to a situation in which the child affected has suffered serious injuries to her principles and habits regarding right or wrong conduct. Cf. *State v. Cialkowski, supra*.

The judgment of the district court is affirmed.

AFFIRMED.