STATE OF NEBRASKA, APPELLEE, V. JOHN P. CRONIN, APPELLANT.
417 N.W.2d 169

Filed December 31, 1987.   Nos. 87-221, 87-222.

James E. Schaefer of Gallup & Schaefer, for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr, for appellee.

BOSLAUGH, CAPORALE, and SHANAHAN, JJ., and ROWLANDS, D.J., and COLWELL, D.J., Retired.

BOSLAUGH, J.

In case No. 87-221 the defendant was charged with operating a motor vehicle while his operating privileges had been revoked.

In the county court he was found guilty and sentenced to the corrections center for 30 days, and his operator's license was suspended for 1 year.

In case No. 87-222 the defendant was charged with leaving the scene of a property damage accident and operating a motor vehicle with expired registration. He was found guilty in the county court of both charges and fined $100 on the first charge and fined $165 and costs on the second charge.

. Upon appeal to the district court the judgments in both cases were affirmed. Upon the motion of the defendant the cases were consolidated for briefing and argument in this court.

The defendant's assignments of error are that the evidence was insufficient to sustain the convictions and that the trial court erred in receiving the defendant's confession over objection.

The record shows that at about 12:30 a.m. on July 16, 1986, Jeff Carlson was proceeding east in the center lane of Harney Street in Omaha, Nebraska. At about 26th and Harney Streets, Carlson noticed a pale green Buick Electra automobile, also moving east in the lefthand curb lane of Harney Street. Carlson testified that he saw the Buick suddenly swerve to the left and strike a car parked on the curb. Carlson further testified that there was no road construction in the lane in front of the Buick when it collided with the parked car. Upon impact, the parked car was "shoved forward and up onto the curb, struck in the rear end," the "trunk lid popped open and the rear end pushed in." Carlson had not seen the parked car before the collision and did not know whether the parked car had been damaged before the accident. Carlson proceeded to drive for two blocks and then pulled to the side of the road and watched the accident scene through his rearview mirror. Carlson did not see the defendant exit his car following the accident, but did see him back up "slightly and then stopping and kind of shaking or shuddering. Just a brief shudder." Additionally, Carlson testified that after the impact, somebody had come out from the building right in front of the car, approached the Buick Electra within about 10 feet, and began "yelling at the driver," but the driver did not exit his vehicle at any point. The witness stated that he was unable to see whether the defendant

displayed his driver's license and registration to anyone. The defendant remained at the scene for about 1°minute and then proceeded "up the block" to a stoplight near Carlson's car. Carlson noted the license number of the defendant's car and saw that the driver was a white male. Carlson subsequently provided this information to the police.

Omaha Police Officer James Haiar conducted a followup investigation of the accident on the following day. Haiar traced ownership of the Buick Electra to the defendant and Sue Cronin. At about 9 a.m. on July 17, Officer Haiar spoke with the defendant at his residence. Officer Haiar testified, "I asked him if he knew anything about the accident." The defendant said that "he was involved, that he blacked out and left the scene because he was scared." The officer did not ask the defendant whether he had provided his driver's license and registration to the owner of the struck vehicle, and the defendant made no statements relating to that matter.

Haiar found that the defendant's license plates were not current and that the defendant's driver's license had been suspended at the time of the accident. Upon examination of the defendant's automobile, Officer Haiar found evidence of fresh damage.

The evidence was clearly sufficient to establish that the defendant was operating a motor vehicle while his operating privileges had been suspended and the registration had expired.

With respect to the charge of leaving the scene of a property damage accident, Neb. Rev. Stat. § 39-6,104.02 (Reissue 1984) provides in part:

> The driver of any vehicle involved in an accident either upon a public highway, private road, or private drive, resulting in damage to property, shall (1) immediately stop such vehicle at the scene of such accident, and (2) give his name, address, and the registration number of his vehicle and exhibit his operator's or chauffeur's license to the owner of the property struck or the driver or occupants of any other vehicle involved in the collision.

Although there is evidence that there was property damage to the automobile that the defendant collided with, there is no evidence that the defendant failed to comply with requirement

(2) set out in the statute. Although there is no evidence that the defendant did comply with the statute, the burden was upon the State to prove affirmatively that the defendant did not comply with requirement (2). The burden is on the State to prove all of the essential elements of the crime charged. *Jacox v. State*, 154 Neb. 416, 48 N.W.2d 390 (1951). Since there was a failure of proof as to a material element of the offense, the judgment on the first charge in case No. 87-222 must be reversed and remanded with directions to dismiss.

The defendant's second assignment of error relates to the testimony of Officer Haiar as to the statements made to him by the defendant on July 17, 1986. The defendant had objected to this testimony on the ground that there had been no "affirmative showing that the defendant was read his rights at the time."

The evidence shows that the officer was conducting an investigation of an accident, the defendant was not in custody, and a pretrial motion to suppress as required by Neb. Rev. Stat. § 29-115 (Reissue 1985) had not been made.

In *State v. Warren, ante* p. 160, 416 N.W.2d 249 (1987), we held that § 29-115 requires that, except in certain circumstances, a motion to suppress must be filed before trial if a statement of the defendant is to be objected to as having been obtained in violation of the fifth or sixth amendments to the Constitution of the United States. A failure to file a motion to suppress waives any objection to the statement. None of the exceptions stated in the statute are applicable here.

The objection was properly overruled, and the assignment of error is without merit.

The judgment in case No. 87-221 is affirmed. The judgment in case No. 87-222 on the charge of operating a motor vehicle with expired registration is affirmed. The judgment on the charge of leaving the scene of a property damage accident is reversed and the cause remanded with directions to dismiss.

All costs are taxed to the defendant.

JUDGMENT IN NO. 87-221 AFFIRMED. JUDGMENT
IN NO. 87-222 AFFIRMED IN PART, AND IN
PART REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.