STATE OF NEBRASKA, APPELLEE, V. JEFFREY A. GEORGE,
APPELLANT.

424 N.W.2d 350

Filed June 10, 1988.   No. 87-792.

Louie M. Ligouri, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

This is an appeal from the judgment of the district court which affirmed the conviction of the defendant by the county court for disturbing the peace under the provisions of Neb. Rev. Stat. § 28-1322(1) (Reissue 1985), a Class III misdemeanor. Assigned as errors are the failure of the evidence to support the conviction and the failure of the trial court to find that the defendant acted in self-defense under the provisions of Neb. Rev. Stat. § 28-1407(1)(a) (Reissue 1985). We reverse and dismiss.

The burden is on the State to prove all essential elements of the crime charged. *State v. Cronin*, 227 Neb. 302, 417 N.W.2d 169 (1987). To sustain a criminal conviction, the corpus delicti must be proved beyond a reasonable doubt. *State v. Rich*, 222 Neb. 394, 383 N.W.2d 801 (1986). However, a judgment of conviction will not be reversed by the Supreme Court on appeal unless the evidence is so lacking in probative force that it is insufficient as a matter of law. *State v. Schon*, 227 Neb. 482, 418 N.W.2d 242 (1988).

The incident out of which the charge in this case arose was an altercation on October 17, 1986, in a bar in Peru, Nebraska. The defendant and his brother Anthony were black students attending Peru State College. According to the testimony of the two brothers, Joe Whisler, a white male, began staring at Anthony, then came over to where the two brothers were sitting and, in addressing Anthony, called him a "nigger" and invited him outside, where, he said, he would whip him. Whisler continued to insult, harass, and provoke Anthony, finally shoving him. A shoving match ensued which escalated into a fistfight between Anthony and Whisler, who was then joined by two white friends who held Anthony while Whisler continued to punch him.

According to the testimony of both brothers, the defendant had not become involved in any of these activities until the odds against his brother seemed to be requiring an evening up. Again according to the brothers' testimony, the defendant began to pull the two white men off his brother, when he, the defendant, was struck, and he struck back.

The only testimony suggesting that the defendant had disturbed the peace of anyone came from the female bartender, Claire Shannon, who said that her peace was disturbed. However, she conceded that in her testimony given just the week before, when the three white men were prosecuted, she had stated that they did not disturb her peace and quiet. Her explanation was quite pragmatic: they were regular customers; they were always in the bar; and they were buying drinks. The defendant and his brother, she said, did not order anything. She was asked the question: "So, you're saying the fact that they [defendant and his brother] didn't order a drink, and the fact that they don't always come in there, interfered with your peace and quiet?" to which she answered, "Yeah."

Shannon claimed that the defendant started the fight and that she did not see anything happen before the defendant hit Whisler. However, again during her testimony at the previous trial, she said that she did not know what precipitated the fight. When asked what made her think the defendant started the fight, she said, "Same answer; for them to come in and not order anything . . . ."

On further cross-examination, she finally stated that she did not know who started the fight, and although she claimed the fighting lasted 10 to 15 minutes, she did not see one white person throw a punch.

The evidence upon which the defendant was convicted borders on the incredible. We have no problem finding that it was so lacking in probative force that it was insufficient as a matter of law.

The judgment of the district court affirming that of the county court is reversed and the complaint ordered dismissed.

REVERSED AND DISMISSED.