STATE OF NEBRASKA, APPELLEE, V. LETHA K. ANDERSON, APPELLANT.

427 N.W.2d 770

Filed August 5, 1988. No. 87-803.

John H. Sohl for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from the district court for Butler County. The defendant, Letha K. Anderson, was tried jointly in a jury trial with her codefendant husband, Kenneth R. Anderson. See *State v. Anderson, ante* p. 427, 427 N.W.2d 764 (1988). The defendant was charged by information in three counts, identical with the charges against Kenneth Anderson: count I, aiding and abetting the manufacture of marijuana; count II, aiding and abetting the crime of possession of marijuana with the intent to manufacture, distribute, deliver, or dispense a controlled substance; and count III, conspiring to manu-

facture, distribute, deliver, or dispense a controlled substance. During the course of the trial, the court dismissed the charge against the defendant contained in count II of the information. The jury found the defendant not guilty of the aiding and abetting charge and guilty of the conspiracy charge. On the conspiracy charge, the defendant was sentenced to 1 year in the Nebraska Center for Women.

Defendant appeals, contending (1) that the district court erred in overruling defendant's attorney's motion to withdraw; (2) that the district court erred in overruling defendant's motion for a directed verdict at the close of the State's case in chief and again at the close of defendant's case in chief; (3) that the State failed to establish the guilt of the defendant beyond a reasonable doubt; and (4) that the sentence imposed was an abuse of discretion. We reverse and dismiss.

The facts of this case have been set out in *State v. Anderson, supra,* and need not be repeated here. The defendant was found guilty of conspiring to manufacture, distribute, deliver, or dispense a controlled substance in violation of Neb. Rev. Stat. §§ 28-202 (Reissue 1985) and 28-416(1)(a) (Cum. Supp. 1986). As we noted in *State v. Anderson, supra,* conspiracy requires the proof of an overt act which tends to show a preexisting conspiracy and manifests an intent or design toward accomplishment of a crime. Intent may be inferred from the words or acts of the circumstances surrounding the incident.

A judgment of conviction will not be reversed on appeal unless the evidence is so lacking in probative force that it is insufficient as a matter of law. *State v. George,* 228 Neb. 774, 224 N.W.2d 350 (1988); *State v. Schon,* 227 Neb. 482, 418 N.W.2d 242 (1988).

In regard to defendant's alleged participation in the conspiracy, Trooper Thomas Hayes testified as follows:

Q. At any time during your surveillance of the Huber farmstead, did you observe Letha Anderson enter the old house?

A. No, I did not.

Q. At any time during your surveillance of the Huber residence, did you observe Letha Anderson handle any trash bags?

A. No.

Q. At any time during your surveillance of the Huber residence, did you observe Letha Anderson weigh what appeared to be marijuana?

A. No.

Q. At any time during your surveillance of the Huber residence, did you observe either Ken or Letha Anderson pick any marijuana?

A. No.

The evidence showed that the defendant was seen arriving at the farmhouse, determined to be a place where marijuana was possessed, in a car driven by her husband. On one occasion defendant was observed riding as a passenger in the car driven by her husband after her husband had placed a plant which appeared to be a marijuana plant in the rear portion of the car. There was no testimony that defendant was ever seen driving the car to or from the farmhouse area, or at any other time. There was evidence that the jeans worn by defendant's husband had marijuana stains on them. There was also testimony that a marijuana seed was later found on the bed which the defendant shared with her husband. There was no evidence, however, that the defendant was observed entering the farmhouse, nor that the defendant committed any overt act manifesting an intent to commit the crime charged. There was evidence that defendant lived with her husband of 1 month. The evidence was so lacking in probative force that it was insufficient as a matter of law.

In view of this disposition, we need not reach the other questions presented by defendant Letha Anderson, including whether she was prejudiced by her representation by the same attorney who represented her husband.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.