STATE OF NEBRASKA, APPELLEE, V. BENNY LEE BUTTS, APPELLANT.
439 N.W.2d 493

Filed May 5, 1989.   No. 88-722.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates for appellee.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and NORTON, D.J., and RONIN, D.J., Retired.

HASTINGS, C.J.

Following a trial by jury, the defendant was convicted of first degree sexual assault involving a victim less than 16 years of age, a Class II felony, and was sentenced to a term of imprisonment of 4 years. He has appealed, assigning as his sole error the alleged insufficiency of the evidence. We affirm.

A judgment of conviction will not be reversed on appeal unless the evidence is so lacking in probative force that it is insufficient as a matter of law. *State v. Brister*, 231 Neb. 263, 435 N.W.2d 679 (1989); *State v. Anderson*, 229 Neb. 436, 427 N.W.2d 770 (1988).

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict

must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Burghardt*, 231 Neb. 240, 435 N.W.2d 673 (1989); *State v. Byrd*, 231 Neb. 231, 435 N.W.2d 898 (1989).

The defendant, his wife, and her six children, including the victim, moved from Arkansas to Omaha in March of 1987. The defendant's 12-year-old stepdaughter alleged that after the family arrived in Omaha, the defendant began "messing" with her. She told her younger brother what the defendant was doing to her and then stated that she was just kidding when he said he was going to tell their mother. Sometime in late October or early November of 1987, the victim, while spending a weekend with her godmother, also told her godmother what was happening, but requested her godmother not to tell the victim's mother, fearing that the mother would not believe it and would beat her.

According to the victim's testimony, on the night of Wednesday, December 9, 1987, she was at home with the defendant and her siblings while her mother was out. After her siblings had gone to bed, she was in the basement ironing when the defendant came downstairs, wearing only a bathrobe. The defendant called her over to him, grabbed her, and tried to touch her breasts. Although she struggled and got away, the defendant caught her, put her on the floor, and penetrated her with his "privacy."

The following Sunday, according to the victim, she attempted to relate the incident to her godmother at a party, but could not do so since her mother was nearby.

On December 15, 1987, the victim, having been sent to the principal's office for misbehaving in class, told the assistant principal that her stepfather had sexually assaulted her the week before. The next day the assistant principal notified the Omaha police, and Officer Denise Cousin interviewed the victim. The victim told Officer Cousin that her stepfather "had been touching her the way that a man would touch a woman" and that the most recent incident occurred on Wednesday, December 9, 1987. Subsequently, the victim was removed from her home and placed in foster care, and the defendant was arrested for sexual assault.

Dr. Helen Sinh-Dang, a pediatrician who examined the

victim on December 22, 1987, testified that the victim's hymen had a tear in it, which would not be expected in the case of a 12-year-old girl. She testified that such a tear would have to be caused by the insertion of an object into the vagina and that it could be caused by a part of the male anatomy. The physician further testified that, in her opinion, the tear in the hymen would have to have been caused at least a couple of days before the examination, but beyond that, she could not speculate as to the time.

There was testimony from the victim's mother, her brother, and two relatives of the defendant's, which contradicted, in some measure, the testimony of the victim. The mother stated outrightly that she did not believe the victim. There was reference to earlier events which would cast some doubts on the veracity of the victim. The defendant chose not to testify.

Although 1989 Neb. Laws, L.B. 443, which became effective March 14, 1989, repealed Neb. Rev. Stat. § 29-2013 (Reissue 1985), thus eliminating the requirement of corroborating evidence in a sexual assault case, clearly sufficient corroboration existed in this case.

After the victim has testified to the commission of the offense, it is competent to prove in corroboration that, within a reasonable time after the assault, the victim made complaint to a person to whom a statement of such an occurrence would naturally be made, especially if the victim is afraid and ashamed of what has happened. *State v. Andersen,* 231 Neb. 458, 436 N.W.2d 537 (1989). It is not necessary that the victim of the assault make the complaint at the first available opportunity, particularly if the victim is afraid and ashamed of what has happened. It is only necessary that the complaint be within a reasonable amount of time following the assault. *State v. Narcisse,* 231 Neb. 805, 438 N.W.2d 743 (1989).

Taking the view of the evidence most favorable to the State, as we are required to do, there is sufficient evidence, if believed, to support the conviction. The jury in this case believed the victim's testimony. The judgment is affirmed.

AFFIRMED.