STATE OF NEBRASKA, APPELLEE, V. PAUL J. KRIEGLER, ALSO KNOWN AS GARY DIGGS, APPELLANT.

406 N.W.2d 137

Filed May 22, 1987.   No. 86-989.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

Paul J. Kriegler appeals from a jury verdict finding him guilty of theft by unlawful taking in violation of Neb. Rev. Stat. §§ 28-511(1) and 28-518(2) (Reissue 1985). This is a Class IV felony, punishable by up to 5 years' imprisonment, or a fine of $10,000, or both. Kriegler's single assignment of error is that the district court erred in not sustaining his motion to dismiss the action on the basis that the State had failed to bring him to trial within 6 months after the information was filed, as required by Neb. Rev. Stat. § 29-1207 (Reissue 1985). For reasons more particularly set out hereinafter, we believe that the assignment of error must be overruled and the judgment and sentence affirmed.

The record discloses that an information was filed against Kriegler on January 28, 1986, charging Kriegler with theft by unlawful taking. Under the provisions of the Nebraska speedy trial act, Neb. Rev. Stat. §§ 29-1207 to 29-1209 (Reissue 1985), the State was obligated to bring Kriegler to trial within 6 months of that date, or on or before July 28, 1986, unless otherwise extended, as provided by the act. Specifically, § 29-1207 provides in part as follows:

(1) Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section.

(2) Such six-month period shall commence to run from the date the indictment is returned or the information filed. . . .

. . . .

(4) The following periods shall be excluded in computing the time for trial:

. . . .

(d) The period of delay resulting from the absence or unavailability of the defendant;

. . . .

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.

In fact, Kriegler was tried on September 8, 1986, or 42 days after July 28, 1986. We believe, however, that the 42 days are excluded under the provisions of § 29-1207(4)(d) and (f) and that therefore Kriegler was tried within the 6-month period required by our speedy trial act.

On February 6, 1986, an order was entered by the district court for Douglas County, Nebraska, setting the case for trial "to the next jury panel or as soon thereafter as it may be reached." Kriegler's name appears on the June criminal trial list for Douglas County District Judge Carlson, and the evidence discloses that Kriegler was ordered to appear on June 6, 1986, while the jury panel was in session. He failed to do so, and an order was entered directing him to appear on June 10, 1986. He again failed to appear, and the court ordered the clerk to issue a capias for Kriegler's arrest. He appeared on June 18, 1986, at which time he was released on his own recognizance. It appears clear beyond question, and Kriegler agrees, that these 12 days must be excluded in computing the time for trial under the provisions of § 29-1207(4)(d). This therefore would have theoretically advanced the last day of trial from July 28 to August 9, 1986.

The record further discloses that the next possible time for trial following Kriegler's reappearance on June 18, 1986, was July 14, 1986. We believe that these 26 days should be excluded under the provisions of § 29-1207(4)(f), which provides that there shall further be excluded in computing the time for trial "[o]ther periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause." As we stated in State v. Johnson, 201 Neb. 322, 329, 268 N.W.2d 85, 89 (1978):

[A] defendant whose trial is set at the end of the 6-month period, but who fails to appear for that trial, is not necessarily entitled to an immediate trial when he

subsequently appears in court. It would appear in many cases that a delay after the defendant's reappearance might be justified for good cause, such as a congested docket in the trial court, or scheduling difficulties on the part of the trial judge or the prosecutor. We do not believe it unreasonable or not within the contemplation of the act to presume that the State may wait for the next regular jury term, in a case where juries are summoned at least once each month, because the defendant failed to appear when ordered for trial within the 6-month period. That extended the last day for trial to September 4, 1986.

The record further discloses, however, that there are 4 additional days which must be excluded pursuant to § 29-1207(4)(f). The record discloses that the judge to whom this case had been assigned, the prosecutor, and Kriegler's own defense attorney from the public defender's office were scheduled to begin a jury trial on July 14. That trial lasted for 4 days. Therefore, the earliest reasonable time that Kriegler could have been tried as a result of his having failed to appear when ordered in June was July 18, 1986, or 4 days after the July 1986 jury term began. We therefore must exclude 4 additional days. That moved the time within which Kriegler must be tried to September 8, 1986, the very day upon which he was in fact tried.

The burden is upon the State to prove by a preponderance of the evidence that one or more of the excluded periods provided by § 29-1207(4)(a) to (f) are applicable. See, *State v. Lafler, ante* p. 362, 405 N.W.2d 576 (1987); *State v. Bennett,* 219 Neb. 601, 365 N.W.2d 423 (1985). We believe that the State has proven by a preponderance of the evidence that 42 days must be excluded from the computation of the 6-month period following the filing of the information against Kriegler on January 28, 1986. The judgment is therefore affirmed.

AFFIRMED.