STATE OF NEBRASKA, APPELLEE, V. DAVID LETSCHER, APPELLANT.
452 N.W.2d 767

Filed March 23, 1990.   No. 89-684.

Gerard A. Piccolo, Deputy Hall County Public Defender, for appellant.

David Letscher, pro se.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.
Following a jury trial, the defendant was found guilty of burglary, a violation of Neb. Rev. Stat. § 28-507 (Reissue 1989), which is a Class III felony. He was sentenced to a term of imprisonment of 1 to 2 years.

Defendant has appealed and assigns as error (1) that the trial court erred in overruling defendant's motion to dismiss or

discharge for want of a speedy trial, (2) that the trial court erred in overruling defendant's motion for a directed verdict, and (3) that the sentence was excessive. We affirm.

There was evidence to support a finding by the jury that on June 4, 1988, defendant and his brother-in-law, Kevin Simons, went into a business establishment which Simons was entitled to enter. The purpose in making such entry was to retrieve some tools belonging to Simons. However, there was also evidence received which permitted a finding that defendant and Simons forcibly removed or peeled back from the wall between a vacant part of the building and the victim's shop a piece of Sheetrock, permitting unauthorized entry into the business place occupied by Greenwalt Sandblasting. Further, there was testimony, again from Simons, that he, assisted by the defendant, then removed paint, spray guns, and an air compressor from Greenwalt's and took those items home.

An information charging burglary was filed in district court on October 3, 1988. Eventually the matter was set for trial for January 17, 1989. This was a case of double scheduling because another case was set for jury trial on that same date. In any event, prior to January 17, 1989, a plea agreement was reached and the matter was rescheduled to January 20, 1989, for disposition. However, defendant failed to appear on that date.

A bench warrant was issued for defendant's arrest, and he was in the custody of the county jail officials on January 24, 1989. On January 27, 1989, defendant appeared in district court to tender a plea of guilty to an amended charge of unlawful taking, a Class I misdemeanor. However, because the defendant would not agree that the facts supporting a guilty plea were as related by the county attorney, the court would not accept the plea.

Although the discussion among the prosecuting attorney, defense counsel, and the court was confusing, to say the least, it is evident that the State announced its intention to proceed to trial on the original felony charge, rather than on the amended information alleging a misdemeanor, which was in fact on file. However, defense counsel agreed that it was not necessary to rearraign defendant on the felony charge.

The court directed that the parties make arrangements with

the court clerk to set the case for trial to a jury. According to the testimony of Sandra Kendall, the district court bailiff, given at the hearing on defendant's motion for discharge, the first month scheduled for jury trials after January 27, 1989, was the month of April, and the first available date for trial was April 21. The case was set for trial to begin on April 21, 1989.

In the meantime, on February 14, 1989, defendant filed various motions for disclosure and discovery, which were granted on February 22, 1989. Defendant then filed a motion to discharge him or dismiss the information against him pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1989). That section requires the State to bring a defendant to trial within 6 months of the filing of the information, with certain permitted exceptions.

Included within the exceptions to the 6-month rule are delays occasioned because of the filing and time necessary for disposition of defendant's pretrial motions, delays resulting from the absence or unavailability of the defendant, and "[o]ther periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause." § 29-1207.

Following the hearing on defendant's motion for discharge, the court denied the motion and made the findings that the information was filed on October 3, 1988; the trial was to commence on April 21, 1989; and the files and records indicated that delays of 18 days were chargeable to the defendant. If this finding is correct, because 6 months from October 3, 1988, would fall on April 3, 1989, the exclusion of those 18 days of delay would bring the State within the requirements of the statute.

In computing the excepted days at 18, it is apparent that the district court excluded the 10-day period from January 17 to 27, 1989, as time requested by defendant to process his change of plea and to accommodate the time he was absent due to his nonappearance, and the 8 days between his filing of the various discovery motions and the order granting them.

However, it is not necessary for us to be that precise in counting time. The record is clear that on and after January 27, 1989, when defendant appeared in court following his

nonappearance, the next available jury was not until the month of April. Assuming that the date of April 1 was available, the full month of February (28 days) and March (31 days), as well as 4 days from January 27 to 31, would come within the permissible delays provided by § 29-1207. Obviously, a trial date of April 21 would be well within the 6-month period.

We hold that when a defendant has commenced a period of delay due to his or her absence or unavailability, the period of time from the defendant's later availability to the next reasonably available trial date is excludable under § 29-1207. See, *State v. Kriegler*, 225 Neb. 486, 406 N.W.2d 137 (1987); *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978). The defendant's motion for discharge was properly denied.

We reject defendant's claim that the testimony of Simons had insufficient probative force under the rule announced in *State v. George*, 228 Neb. 774, 424 N.W.2d 350 (1988), to support defendant's conviction. The inconsistencies of Simons' testimony are not of the same character of the prosecution witness' testimony in *George*. The inconsistencies affected the credibility of Simons, but were fully presented to the jury, which had the duty to weigh the evidence and determine his credibility.

The sentence of 1 to 2 years which the defendant received was not excessive. The penalty for a Class III felony is 1 to 20 years. A sentence imposed within statutorily prescribed limits will not be disturbed on appeal absent an abuse of discretion. *State v. Von Busch, ante* p. 119, 449 N.W.2d 237 (1989).

Defendant's "rap" sheet is three pages long. He has a history of activity evidencing a disregard for the law and the rules of society dating back to 1977, including offenses of burglary and larceny. He has been less than compliant while on probation and did not receive satisfactory discharges in three of four probation terms ordered. There was no abuse of discretion in the imposition of defendant's sentence.

In his pro se brief, defendant alleges that the charge against him was improper, as was his conviction, and that the State failed to prove certain elements of the crime charged, i.e., the location of Greenwalt's, ownership of the missing property, and damage to the building. His arguments are nothing more than

frivolous allegations against the State's witnesses, unsubstantiated by the record.

The judgment of the district court is affirmed.

AFFIRMED.