STATE OF NEBRASKA, APPELLEE, V.
JAMES R. COVEY, APPELLANT.
673 N.W.2d 208

Filed January 9, 2004.   No. S-03-406.

James R. Mowbray and Robert W. Kortus, of Nebraska Commission on Public Advocacy, for appellant.

Jon Bruning, Attorney General, and Ronald D. Moravec for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

On October 23, 2001, the State filed an information in the district court for Harlan County charging James R. Covey with first degree murder and use of a weapon to commit a felony. On February 14, 2003, Covey filed a motion to discharge on the ground that he had not been brought to trial within the 6-month time period allowed under the speedy trial statute, Neb. Rev. Stat. § 29-1207 (Reissue 1995). On March 28, the court denied Covey's motion to discharge.

In its journal entry and order, the court noted that Covey had filed a "Motion to Quash Death Penalty" on October 29, 2001, and a "Motion to Change Venue" on December 3. The court reasoned that because neither motion had been ruled on at the time Covey filed his motion to discharge, the 6-month time period under § 29-1207 stopped running upon the filing of the motions and that the 6-month time period had not expired. If the court's March 28, 2003, ruling were deemed entirely correct, the entire period of time following the filing of the "Motion to Quash Death Penalty" would be excluded from the speedy trial calculation. Covey appeals the denial of his motion to discharge.

As discussed below, we conclude that the "Motion to Quash Death Penalty" should be considered under § 29-1207(4)(f), has not caused delay, has not triggered any excludable time, and has not reached final disposition. We further conclude that the motion to change venue should be considered under § 29-1207(4)(a), has triggered excludable time, and has not reached final disposition. Based on our analysis, the entire time period which commenced on the day after the filing of the motion to change venue should be excluded and the speedy trial statute has not been violated. Thus, although the district court correctly denied the motion to discharge, its ruling was clearly erroneous in its determination that the first day of the excludable period commenced upon the October 29, 2001, filing of the "Motion to Quash Death Penalty." The first day of the excludable period should be December 4, 2001, and the period of exclusion has not concluded. Based on the foregoing, the motion to discharge was properly denied and we affirm as modified.

## STATEMENT OF FACTS

On October 23, 2001, the State filed an information charging Covey with first degree murder and use of a weapon to commit a felony in connection with the killing of Starlett Covey. Covey was arraigned on October 29. Covey filed a "Motion to Quash Death Penalty" on October 29. In this motion, Covey stated that "in the event of Defendant's conviction for first-degree murder," he sought a hearing for the purpose of "quashing and precluding" the imposition of a death sentence. In this motion, Covey asserted that the Nebraska death penalty statutes were unconstitutional on their face and as applied. On the day the "Motion to Quash Death Penalty" was filed, the court noted on the trial docket that it would not take up the motion because it was premature.

On December 3, 2001, Covey filed a motion to change venue in which he sought as relief a change of venue "from Harlan County to another county." In the motion, Covey stated, inter alia, that at the time of filing the motion, he was not aware of any evidence supporting a motion to change venue. Covey specifically "request[ed] the court hold this motion [to change venue] in abeyance."

The court held a hearing on December 14, 2001, to consider various motions filed by Covey, including the motion for change of venue. In a December 26 order, the court stated that the motion to change venue would not be ruled upon until the time of jury selection.

While it is not necessary to our resolution of this case, we note for the sake of completeness that at various points in the proceedings, Covey freely and voluntarily waived speedy trial from December 14, 2001, to June 1, 2002, and from May 20 to September 20, 2002. We further note that following the court's ruling sustaining Covey's motion to suppress evidence, the State filed a notice of its intention to prosecute an appeal therefrom on September 4, 2002, and that the Nebraska Court of Appeals entered a mandate summarily dismissing the appeal for lack of jurisdiction. See *State v. Covey*, 11 Neb. App. lxi (No. A-02-993, Nov. 14, 2002).

A pretrial hearing was held on February 7, 2003, at which hearing the district court set trial for February 18. On February 14, Covey filed a motion to discharge seeking absolute discharge

on the basis that he had not been brought to trial within the 6-month time period required under § 29-1207. Covey made no allegation that his constitutional right to speedy trial had been violated, nor does he do so in this appeal. A hearing was held on February 21. On March 28, the court filed an order denying Covey's motion to discharge. The court determined in effect that the "Motion to Quash Death Penalty" filed October 29, 2001, and the motion for change of venue filed December 3 were pretrial motions under § 29-1207(4)(a) and that neither motion had been ruled on. The court found that the entire time since the motions had been filed should be excluded and that, therefore, the time for trial pursuant to § 29-1207 had not run when Covey filed his motion to discharge on February 14, 2003. Covey appeals the denial of his motion to discharge.

## ASSIGNMENT OF ERROR
Covey asserts that the district court erred in denying his motion to discharge.

## STANDARDS OF REVIEW
■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

## ANALYSIS
Resolution of this appeal is made by reference to § 29-1207. The speedy trial statute, § 29-1207, provides in relevant part:

(1) Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section.

(2) Such six-month period shall commence to run from the date an indictment is returned or the information filed. . . .

. . . .

(4) The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on competency and the period during which he is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

. . . .

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.

Covey argues that under the speedy trial statute, his case should have been brought to trial on or before February 7, 2003, and that the district court erred in denying his motion to discharge. He notes that the information was filed October 23, 2001, and that 6 months would have run on April 23, 2002. Covey concedes that a delay of an additional 290 days was attributable to certain of his motions, not all discussed here, and his express waivers.

In his brief on appeal, Covey states that the "Motion to Quash Death Penalty" does not relate to pretrial issues and that the motion to change venue is "not a pretrial motion." Brief for appellant at 26. Covey thus asserts that neither motion falls under § 29-1207(4)(a), and he further asserts that no actual delay under § 29-1207(4)(f) can be attributed to the filing of these motions. Covey concludes that no time other than the 290 days noted above should be excluded from the time for trial computed pursuant to § 29-1207 and that, therefore, he should have been brought to trial on or before February 7, 2003.

The State argues in response that the district court was correct when it determined that both the "Motion to Quash Death Penalty" and the motion to change venue were pretrial motions of Covey under § 29-1207(4)(a) and that, therefore, the time from filing until final disposition of such motions should be excluded in computing the time for trial. The State asserts that because neither motion reached final disposition prior to Covey's filing his motion to discharge on February 14, 2003, the entire time since the filing of the motions should be excluded,

and that the speedy trial 6-month time period had not run on February 14, when Covey filed his motion to discharge.

*"Motion to Quash Death Penalty": § 29-1207(4)(f).*

Covey filed his "Motion to Quash Death Penalty" on October 29, 2001, and on the same day, the district court noted on the trial docket that it would not take up the substance of this motion because it was premature. The "Motion to Quash Death Penalty" states that a hearing on its substance should only be taken up "in the event of Defendant's conviction for first degree murder." Thus, by its terms, this motion was not to be decided before trial as to guilt nor did it impact the commencement of trial. Although captioned a "motion to quash," it is neither a motion "to quash the indictment or information" nor a "pretrial" motion under § 29-1207(4)(a). The district court erred when it treated this motion as a pretrial motion under § 29-1207(4)(a). Further, this motion is not a motion identified in § 29-1207(4)(b) through (e), and we therefore consider the impact, if any, of this motion under the catchall provision, § 29-1207(4)(f).

Section § 29-1207(4)(f) provides for the exclusion of "[o]ther periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause." Under § 29-1207(4)(f), time may be excluded for a period of delay where good cause is shown. Under a plain reading of § 29-1207(4)(f), before an evaluation for good cause need be made, there must first be a "period of delay." We have previously assumed the necessity of a period of delay as a prerequisite to an evaluation of good cause under § 29-1207(4)(f). Thus, in *State v. Baker*, 264 Neb. 867, 872, 652 N.W.2d 612, 617 (2002), we pointed out that "§ 29-1207(4)(f) provides that other periods of delay may be excluded if the court finds they are for good cause." See, also, *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002) (noting that under § 29-1207(4)(f), State did not sustain its burden to show good cause for delay).

In the instant case, there was no period of delay occasioned by the "Motion to Quash Death Penalty," no assessment of "good cause" is indicated, and an evaluation of this motion under § 29-1207(4)(f) does not result in the exclusion of time. The district court's ruling was clearly erroneous when it found that the

"Motion to Quash Death Penalty" should be evaluated under § 29-1207(4)(a) and that the filing of the motion triggered a period of exclusion.

*Motion to Change Venue: § 29-1207(4)(a).*

Covey filed his motion to change venue on December 3, 2001. On December 26, the court stated that it would not rule on the motion until the time of jury selection. Covey asserts that the motion to change venue was not a motion under § 29-1207(4)(a) and that no time should be excluded due to the filing of this motion. We reject this argument.

Section 29-1207(4) provides that in computing the 6-month period for statutory speedy trial purposes,

> [t]he following periods shall be excluded in computing the time for trial:
>
> (a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement and motions for a change of venue . . . .

Because § 29-1207(4)(a) lists "motions for a change of venue" and the motion to change venue filed by Covey on December 3, 2001, sought to "change venue from Harlan County to another county," Covey's motion is one of the type of pretrial motions described in § 29-1207(4)(a).

Covey argues that the motion to change venue caused no delay and that, therefore, no time should be excluded as a result of the filing of the motion to change venue. Covey asserts that the phrase "period of delay" in § 29-1207(4)(a) requires the State to show that proceedings resulting from a pretrial motion of the type anticipated in § 29-1207(4)(a) caused actual delay in the progression of the case to trial before time attributable to the pendency of the motion is excluded from the statutory speedy trial computation. Given the language of § 29-1207(4)(a), we do not agree.

We have stated that "the plain terms of § 29-1207(4)(a) exclude all time between the time of the filing of the defendant's pretrial motions and their final disposition, regardless of the

promptness or reasonableness of the delay." *State v. Turner*, 252 Neb. 620, 629, 564 N.W.2d 231, 237 (1997). Thus, we have recognized that under § 29-1207(4)(a), the period of delay is defined by the statute itself as the period between the filing and final disposition of the pretrial motion. We have also stated that "where the excludable period properly falls under § 29-1207(4)(a) rather than the catchall provision of § 29-1207(4)(f), no showing of reasonableness or good cause is necessary to exclude the delay," and that "conspicuously absent from § 29-1207(4)(a) is any limitation, restriction, or qualification of the time which may be charged to the defendant as a result of the defendant's motions." *State v. Turner*, 252 Neb. at 629, 564 N.W.2d at 237. See, also, *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990).

Under § 29-1207(4)(a), the time from filing until final disposition of the motion to change venue must be excluded in computing the time for trial for statutory speedy trial purposes. We have stated that final disposition under § 29-1207(4)(a) occurs on the date the motion is "granted or denied." *State v. Recek*, 263 Neb. 644, 649, 641 N.W.2d 391, 396 (2002). The December 26, 2001, order was not a "final disposition" of the motion to change venue, and no action resulting in a final disposition of the motion was taken prior to February 14, 2003, when Covey filed his motion to discharge. Therefore, the entire time since December 4, 2001, the day following Covey's filing of the motion to change venue, was properly excludable from the statutory speedy trial computation at the time the court considered Covey's motion to discharge. See *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002) (stating that excludable period under § 29-1207(4)(a) commences on day immediately after filing of defendant's pretrial motion).

We note in the present case that in his motion to change venue, Covey asked the court to "hold this motion in abeyance," thus inviting the court to defer final disposition of the motion. As we noted in *State v. Turner, supra*, if the defendant wished to avoid the effects of excludable time, he could have withdrawn the motion and thus allowed the computation of time for statutory speedy trial purposes to proceed. Absent such withdrawal,

§ 29-1207(4)(a) requires the exclusion of time from filing until final disposition of the motion computed under *State v. Baker, supra.*

The excludable period attributable to Covey's motion to change venue commenced on December 4, 2001, which was well within 6 months after the information was filed on October 23, and the excludable period did not end prior to the filing of the motion to discharge. Because the entire time since December 4, 2001, was excludable from the speedy trial computation when Covey filed his motion to discharge on February 14, 2003, the statutory time for bringing Covey to trial had not run. The district court did not err in denying Covey's motion to discharge based on statutory speedy trial grounds.

## CONCLUSION

The district court's finding that the time commencing with the filing of the "Motion to Quash Death Penalty" should be excluded was clearly erroneous. The district court's order of March 28, 2003, indicating that the excludable time commenced with the filing of the "Motion to Quash Death Penalty" was incorrect in this respect. However, the district court correctly excluded the time following the filing of Covey's motion to change venue, and the statutory time for speedy trial had not run before Covey filed his motion to discharge. Thus, the district court did not err in denying Covey's motion to discharge. However, because the excludable time began December 4, 2001, rather than upon Covey's filing the "Motion to Quash Death Penalty," the ruling of the district court is affirmed as modified.

AFFIRMED AS MODIFIED.