STATE OF NEBRASKA, APPELLEE, V.
ROBERT M. PETTY, APPELLANT.
691 N.W.2d 101

Filed January 21, 2005. No. S-03-1046.

Thomas C. Riley, Douglas County Public Defender, and Richard A. Kubat for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Robert M. Petty was charged in Douglas County Court with driving under the influence (third offense), driving under suspension, and driving without lights. The county court denied Petty's motion to discharge on speedy trial grounds. The district court for Douglas County affirmed the denial, and Petty appealed to the

Nebraska Court of Appeals. The Court of Appeals affirmed. *State v. Petty*, No. A-03-1046, 2004 WL 1724900 (Neb. App. Aug. 3, 2004) (not designated for permanent publication). We granted the State's petition for further review. Although we disagree with the reasoning of the Court of Appeals with respect to time excludable due to Petty's failures to appear, we conclude that the Court of Appeals did not err in affirming the denial of Petty's motion to discharge. Accordingly, we affirm as modified.

## STATEMENT OF FACTS

The State filed complaints in Douglas County Court on July 17, 2002, charging Petty with driving under the influence (third offense), driving under suspension, and driving without lights. Petty pled not guilty, and the case progressed, with the county court setting a trial date of September 10. Petty failed to appear on September 10. The court issued a capias for Petty's arrest. Petty was arrested on February 2, 2003, and posted bond on February 4. Petty appeared in court on February 24 and pled not guilty to an additional charge of failing to appear.

On March 6, 2003, the court scheduled Petty's trial for the jury term beginning April 1. The court also ordered Petty to appear for a pretrial hearing on March 14. Petty failed to appear at the March 14 pretrial hearing. Petty appeared at a hearing on March 20, where he waived his right to a jury trial and the court set a bench trial for July 14.

On July 2, 2003, Petty filed a motion to discharge, claiming he had been denied a speedy trial. On the same day, Petty filed a motion to suppress. Following a hearing on July 10, the county court denied Petty's motion to discharge. The county court noted Petty's failures to appear and, citing *State v. Letscher*, 234 Neb. 858, 452 N.W.2d 767 (1990), found that such absences tolled the time for speedy trial. Before the county court could consider the motion to suppress, Petty appealed the denial of the motion to discharge to the district court. On September 9, the district court affirmed the denial of Petty's motion to discharge.

Petty appealed to the Court of Appeals. Petty claimed he had been denied his 6-month statutory right to a speedy trial and argued that there were only two excludable time periods: (1) the period of 147 days from September 10, 2002, when he first

failed to appear for trial, until February 4, 2003, when he posted bond; and (2) the period of 6 days from March 14, when he failed to appear for the pretrial hearing, until March 20, when he next appeared in court. Petty asserted that by excluding these 153 days, the latest date he could have been brought to trial was June 19, 2003.

In analyzing Petty's appeal, the Court of Appeals cited to *State v. Rhoads*, 11 Neb. App. 731, 734, 660 N.W.2d 181, 184 (2003), for the proposition that "[w]hen a defendant is aware of the scheduled trial date and fails to appear on that date, the Nebraska speedy trial statute is tolled until such time as the defendant either willingly or unwillingly appears again in court." (Emphasis omitted.) The Court of Appeals noted that there was no indication in the record that Petty appeared in court when he posted bond on February 4, 2003, and the Court of Appeals therefore determined that the period commencing September 10, 2002, when Petty failed to appear for trial, should be deemed to have ended not on February 4, 2003, but on February 24 when Petty in fact appeared in court. The Court of Appeals determined that these additional 20 days extended the time for trial until July 9 and that the time was tolled again when Petty filed his motion to discharge and his motion to suppress on July 2. The Court of Appeals therefore concluded that Petty had filed his motion to discharge prematurely.

Although this conclusion could have resolved the appeal as it was being assessed by the Court of Appeals, the Court of Appeals proceeded to address the State's argument that there was additional excludable time. As a general matter, the State urged that the time between Petty's reappearance and the next available trial date should be excluded, because this period resulted from Petty's absence or unavailability. See Neb. Rev. Stat. § 29-1207(4)(d) (Reissue 1995). The State pointed to one such excludable period which ran from February 24, 2003, when Petty reappeared in court until April 1, the next available trial date. By excluding this period as urged by the State, the time for trial would have been extended until August 7. Although the State did not explicitly make the argument in its brief, the Court of Appeals noted that under the State's reasoning, a similar argument could be made for the period from March 20, when Petty

appeared in court after failing to appear at the March 14 hearing, until the July 14 date which was set for a bench trial.

In support of its position, the State relied on *State v. Letscher*, 234 Neb. 858, 861, 452 N.W.2d 767, 769 (1990), in which this court stated that "when a defendant has commenced a period of delay due to his or her absence or unavailability, the period of time from the defendant's later availability to the next reasonably available trial date is excludable." The Court of Appeals rejected the State's argument.

Relying on its decision in *Rhoads, supra*, in which the Court of Appeals had stated that the State had the burden under § 29-1207(4)(f) to show good cause for delay in setting the trial date after a defendant reappears, the Court of Appeals concluded that the State had the burden in this case to establish that there was good cause for setting Petty's trial on April 1, 2003. More specifically, the Court of Appeals determined that the State had presented no evidence that April 1 was the next reasonably available trial date following Petty's reappearance on February 24. The Court of Appeals noted that in *Letscher*, the court bailiff had testified at the hearing on the motion to discharge regarding the next available date for jury trial following the defendant's reappearance. Although the Court of Appeals rejected the State's argument that the first excludable period should have extended until April 1, it affirmed the denial of the motion to discharge because of its earlier conclusion that the motion was filed prematurely.

The State petitioned for further review of the Court of Appeals' decision and assigned error to the Court of Appeals' reasoning that additional time was not excludable. We granted the State's petition for further review.

## ASSIGNMENTS OF ERROR
The State asserts that the Court of Appeals erred in (1) imposing a good cause burden on the State in order to exclude from the speedy trial calculation the time from the defendant's reappearance until the next reasonable trial date and (2) failing to hold that the speedy trial period was tolled from Petty's first failure to appear on September 10, 2002, until the rescheduled trial date of July 14, 2003.

## STANDARDS OF REVIEW

■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Covey*, 267 Neb. 210, 673 N.W.2d 208 (2004).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

## ANALYSIS

At issue in this appeal are the provisions of the statutory 6-month speedy trial act found at § 29-1207. Particularly relevant are the provisions of § 29-1207(4)(d) and (f) relating to certain excludable periods. The statute provides:

(4) The following periods shall be excluded in computing the time for trial:

. . . .

(d) The period of delay resulting from the absence or unavailability of the defendant;

. . . .

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.

On further review, the State claims that the Court of Appeals erred in imposing a burden on the State which required it to prove good cause in order to exclude time after Petty reappeared in court until the trial date set by the court following Petty's reappearance. In sum, the State asserts that the language of § 29-1207(4)(d) which excludes the "period of delay resulting from the absence or unavailability of the defendant" requires that the period of time from the defendant's reappearance until the next reasonably available trial date be excluded. The State further asserts that the Court of Appeals erred in relying on the "good cause" language found in § 29-1207(4)(f) which excludes "[o]ther periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause" when it required the State to prove that the time between Petty's reappearance and the trial date should have been excluded. We agree with the State's reading of § 29-1207(4)(d), and we conclude that under the plain language of § 29-1207(4)(d),

the period of time from the defendant's reappearance until the next reasonably available trial date is ordinarily excludable pursuant to § 29-1207(4)(d) as "delay resulting from the absence or unavailability of the defendant" and that, therefore, the Court of Appeals erred when it reasoned that the State had a burden to prove, but had failed to demonstrate, good cause for such delay. In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Aguilar*, 268 Neb. 411, 683 N.W.2d 349 (2004).

This court has held that "when a defendant has commenced a period of delay due to his or her absence or unavailability, the period of time from the defendant's later availability to the next reasonably available trial date is excludable under § 29-1207." *State v. Letscher*, 234 Neb. 858, 861, 452 N.W.2d 767, 769 (1990). This court did not specify in *Letscher* whether such exclusion was pursuant to § 29-1207(4)(d) or (f). In announcing our holding in *Letscher*, this court cited to *State v. Kriegler*, 225 Neb. 486, 406 N.W.2d 137 (1987), and *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978).

In *Johnson*, this court stated that a defendant who has failed to appear for a trial set within the statutory time for trial "is not necessarily entitled to an immediate trial when he [or she] subsequently appears in court" but that "in many cases . . . : a delay after the defendant's reappearance might be justified for good cause, such as a congested docket in the trial court, or scheduling difficulties on the part of the trial judge or the prosecutor." 201 Neb. at 329, 268 N.W.2d at 89. The court in *Johnson* further stated that in such cases, the court should "advise the defendant of his [or her] right to a speedy trial and ascertain whether the defendant wishes to waive that right; or otherwise set forth in the record the cause for the delay." *Id.* Although this court in *Johnson* used the expression "good cause" for delay after reappearance, we did not specifically state whether such delay was excludable under § 29-1207(4)(d) or (f). In *Kriegler*, this court quoted *Johnson* to the effect that delay after reappearance might be excludable if justified for good cause, and we then stated that such time period "should be excluded under the provisions of § 29-1207(4)(f)." 225 Neb. at 488, 406 N.W.2d at 138.

Despite our statement in *Kriegler* that delay after reappearance is excludable under § 29-1207(4)(f), we now determine that such time is more appropriately excludable under the language of § 29-1207(4)(d), which states that time is to be excluded from the speedy trial calculation for the "period of delay resulting from the absence or unavailability of the defendant." When a defendant fails to appear for a timely scheduled trial, the delay resulting from such absence or unavailability does not end immediately upon the defendant's reappearance. Instead, further delay inevitably results from the fact that the court, prosecutors, witnesses, and all others involved with the case must adjust their schedules and resume necessary preparations for trial after the defendant reappears. As noted in *Johnson*, a defendant is not entitled to an immediate trial upon his or her reappearance. Indeed, other criminal cases will invariably have been set for trial and will be required in some cases to proceed to trial to meet their own speedy trial constraints prior to the trial of the reappearing defendant. A defendant's failure to appear for trial has far-reaching effects on the schedules and preparations of all involved with the case and other cases, and such absence or unavailability results in delay. It is not required under § 29-1207(4)(d), nor would it be prudent, to permit an absconding defendant to set the calendar at the courthouse and expect a trial immediately upon his or her reappearance.

Because we determine that the passage of time in setting a trial date which ensues after a defendant reappears is ordinarily excludable as resulting from the "absence or unavailability" provisions of § 29-1207(4)(d) rather than the "good cause" provisions of § 29-1207(4)(f), the State has no burden to show specific good cause to exclude such period. The cause of such period of delay is the defendant's absence or unavailability, which § 29-1207(4)(d) denotes as a valid reason to exclude time. As stated in *State v. Letscher*, 234 Neb. 858, 452 N.W.2d 767 (1990), the court must endeavor to schedule trial for the "next reasonably available trial date" after the defendant reappears. However, in determining whether time is excludable for speedy trial purposes under § 29-1207(4)(d), a trial date that is scheduled within 6 months after the defendant's reappearance will be presumed to be the next reasonably available trial date without the State being required to present further evidence to justify the setting.

In deciding this case, the Court of Appeals relied on its holding in *State v. Rhoads*, 11 Neb. App. 731, 660 N.W.2d 181 (2003). *Rhoads* involved facts similar to this case. The Court of Appeals stated in *Rhoads* that it was the State's burden to establish facts showing good cause to exclude any delay in setting a trial date following the defendant's reappearance. In *Rhoads*, the Court of Appeals noted that the State did not present evidence that the defendant's trial could not have been set sooner than it had been set after the defendant's reappearance and it, therefore, determined that the State had not proved "good cause" to exclude the delay under § 29-1207(4)(f). Contrary to the Court of Appeals' reasoning, we conclude that the time from a defendant's reappearance until the next reasonably available trial date is "a period of delay resulting from the absence or unavailability of the defendant" and that such period is excludable under § 29-1207(4)(d). Accordingly, we overrule *Rhoads* as well as *State v. Kriegler*, 225 Neb. 486, 406 N.W.2d 137 (1987), and *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978), to the extent these cases hold both that the period between a defendant's reappearance and the trial date is excludable only under § 29-1207(4)(f) and that the State has a burden to prove good cause to exclude such period in calculating time for speedy trial purposes.

In the present case, Petty failed to appear for trial on September 10, 2002. Petty next appeared in court on February 24, 2003, and trial was subsequently scheduled for the April 1 jury term. Petty again failed to appear for a pretrial hearing on March 14, and after Petty reappeared in court on March 20, a bench trial was scheduled for July 14. Because the period of delay in setting the trial date was a result of Petty's absence or unavailability under § 29-1207(4)(d), and because the July 14 trial date was within 6 months of both Petty's reappearance on February 24 and his reappearance on March 20, such trial date may be presumed to be the next reasonably available trial date, and Petty was not denied his statutory right to a speedy trial.

## CONCLUSION

We conclude that, in analyzing Petty's speedy trial claim, the Court of Appeals erred in its reasoning when it stated that the

State was required but failed to prove good cause to exclude the period from Petty's reappearance until the next reasonably available trial date. We determine instead that the period from Petty's reappearances until the July 14, 2003, trial date, which is within 6 months of Petty's reappearances and may be presumed to be the next reasonably available trial date, is excludable pursuant to § 29-1207(4)(d). Although the Court of Appeals found less time than we find to be excludable, we agree with the Court of Appeals' ultimate conclusion that Petty's motion to discharge was filed prematurely on July 2, 2003. However, we find error in the Court of Appeals' calculation of remaining days, and we modify accordingly. We therefore affirm as modified the Court of Appeals' decision concluding that the district court did not err in affirming the county court's denial of Petty's motion to discharge.

AFFIRMED AS MODIFIED.