269 Neb. 728
STATE OF NEBRASKA, APPELLANT,
v.
ADRIAN C. WASHINGTON, APPELLEE.
No. S-04-868.
Supreme Court of Nebraska.
Filed April 28, 2005.
Stuart J. Dornan, Douglas County Attorney, Rob D. MacTaggart, and Casey J. Symonds, Senior Certified Law Student, for appellant.
Thomas C. Riley, Douglas County Public Defender, and Matthew J. Miller for appellee.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
McCORMACK, J.

BACKGROUND
Adrian C. Washington was charged with second degree assault by information filed December 4, 2003. The next day, Washington waived his right to physically appear for his arraignment and also filed a motion for discovery. That motion was not disposed of until May 27, 2004, when the district court ordered mutual and reciprocal discovery.
On June 9, 2004, Washington filed a motion to discharge, claiming his right to a speedy trial had been violated. At a hearing on his motion to discharge, Washington argued that the time period during which his motion for discovery was pending should not be excluded for speedy trial calculation purposes. He claimed that the discovery motion did not cause any delay in the case's progression toward a trial because he and the State had exchanged discovery while his motion was pending. The district court sustained Washington's motion to discharge and dismissed the information.
Pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2004), the State filed an application for leave to docket an appeal.

ASSIGNMENTS OF ERROR
The State claims that the district court erred in concluding that Washington's statutory right to a speedy trial had been violated and in granting his motion to discharge.

STANDARD OF REVIEW
[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. State v. Petty, ante p. 205, 691 N.W.2d 101 (2005).
[2] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. Id.

ANALYSIS
[3] Neb. Rev. Stat. § 29-1207 (Reissue 1995) requires discharge of a defendant whose case has not been tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial. State v. McHenry, 268 Neb. 219, 682 N.W.2d 212 (2004). An information was filed against Washington on December 4, 2003. Therefore, absent any excluded time periods, he should have been brought to trial by June 4, 2004, 5 days before he filed his motion to discharge.
In computing the 6-month period for statutory speedy trial purposes, § 29-1207(4)(a) excludes the "period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . the time from filing until final disposition of pretrial motions of the defendant." The issue in this case is whether the time period during which Washington's motion for discovery was pending should be excluded under § 29-1207(4)(a).
That issue is far from unsettled. Several cases of this court plainly indicate that a motion for discovery filed by a defendant is a pretrial motion and that the time period during which it is pending should be excluded for speedy trial calculation purposes. See, State v. Steele, 261 Neb. 541, 624 N.W.2d 1 (2001); State v. Ward, 257 Neb. 377, 597 N.W.2d 614 (1999), disapproved on other grounds, State v. Feldhacker, 267 Neb. 145, 672 N.W.2d 627 (2004); State v. Brown, 214 Neb. 665, 335 N.W.2d 542 (1983). See, also, State v. Castillo, 11 Neb. App. 622, 657 N.W.2d 650 (2003).
Washington argues that the time period for his motion for discovery should not be excluded because it caused no delay in the progression of his case to trial. He also argues that to the extent the motion's disposition by the district court was delayed, such delay was unreasonable. We recently rejected similar arguments:
"[T]he plain terms of § 29-1207(4)(a) exclude all time between the time of the filing of the defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay." . . . Thus, we have recognized that under § 29-1207(4)(a), the period of delay is defined by the statute itself as the period between the filing and final disposition of the pretrial motion. We have also stated that "where the excludable period properly falls under § 29-1207(4)(a) rather than the catchall provision of § 29-1207(4)(f), no showing of reasonableness or good cause is necessary to exclude the delay," and that "conspicuously absent from § 29-1207(4)(a) is any limitation, restriction, or qualification of the time which may be charged to the defendant as a result of the defendant's motions."
(Citation omitted.) State v. Covey, 267 Neb. 210, 216-17, 673 N.W.2d 208, 213 (2004).
[4] Final disposition under § 29-1207(4)(a) occurs on the date the motion is "`granted or denied.'" State v. Covey, 267 Neb. at 217, 673 N.W.2d at 213. Washington's December 5, 2003, motion for discovery was not disposed of until May 27, 2004, when the district court ordered mutual and reciprocal discovery. For the reasons set forth above, that time period should be excluded for speedy trial calculation purposes. Excluding that time period, Washington's motion to discharge was filed long before the 6-month period expired. Thus, the district court erred in sustaining Washington's motion to discharge and in dismissing the information. We sustain the State's exception. Because jeopardy did not attach, the cause is remanded to the district court for further proceedings pursuant to Neb. Rev. Stat. § 29-2316 (Cum. Supp. 2004).
EXCEPTION SUSTAINED.