IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MILLER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KASEY MILLER, APPELLANT.

Filed August 22, 2023.    No. A-22-861.

Appeal from the District Court for Furnas County: JAMES E. DOYLE IV, Judge. Affirmed.

Aaron M. Bishop, of Bishop Jones Law, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Kasey Miller was charged with first degree sexual assault in the county court for Furnas County. After the case was bound over to the Furnas County District Court, but before the filing of the information, Miller filed a "Motion for Discovery." Miller's motion remained unresolved until Miller subsequently filed a "Motion for Absolute Discharge," arguing that the 6-month speedy trial period set out in Neb. Rev. Stat. § 29-1207 (Reissue 2016) had expired. The district court denied his motion, finding that the pendency of the motion for discovery tolled the running of the statutory speedy trial period. Miller appeals and, finding no clear error, we affirm.

## BACKGROUND

On September 2, 2021, the State filed a complaint with the county court, charging Miller with first degree sexual assault, a Class II felony, pursuant to Neb. Rev. Stat. § 28-319 (Reissue 2016). On September 24, Miller filed a "Waiver of Preliminary Hearing," wherein he consented

- 1 -

to have the matter bound over to the district court. The county court entered an order that same day, binding the matter over to the district court and ordering Miller to appear for arraignment as ordered by the district court. On October 13, after the case was bound over, but before an information was filed, Miller filed with the district court a motion for discovery requesting that the court order the State to provide Miller with certain information and materials related to the charge against him. On November 24, the State filed an information charging Miller with first degree sexual assault. That same day, Miller filed a "Written Plea of Not Guilty and Arraignment Appearance Waiver."

On June 2, 2022, the State, through a special prosecutor, filed a notice of hearing indicating that an "[a]rraignment hearing" was scheduled for July 8. At the hearing, the district court stated that it was "granting the motion" for discovery filed October 13, 2021, and Miller made an oral motion for absolute discharge. He argued that he was entitled to have the charge against him dismissed pursuant to § 29-1207 because the 6-month speedy trial period had expired on May 24, 2022. He argued that "the statute that covered the issue of absolute discharge revolves around motions that are filed after the filing of the Information so that there is a speedy trial clock to toll." He contended that because Miller's motion for discovery was filed before the information, it could not have tolled the "speedy trial clock." That same day, Miller filed a written motion for absolute discharge stating that more than 6 months had elapsed since the filing of the information and Miller had filed no pretrial motions in that time.

On July 12, 2022, a hearing was held on Miller's motion for absolute discharge. Miller's counsel argued that there was "no reason for [Miller] to believe that the matter needed to be resolved further than his filing of the Motion for Discovery." Counsel stated that "a majority of [his] practice [wa]s held" in Buffalo County, where it was standard practice for criminal defense attorneys to submit a motion for discovery at the outset of a case, as well as a proposed order which is typically adopted by the court without need for a hearing. He further stated that the State did not object to the motion and had in fact informed Miller's counsel it would provide the requested discovery if Miller's counsel sent the State a 500-gigabyte flash drive. Counsel acknowledged that there were "special and extenuating circumstances in this case with a prosecutor getting placed on the bench, and . . . [the] case being passed around a little bit." He argued that the motion for discovery "came with a proposed order" and the "proposed order was in the file." Counsel suggested that since there was no objection to his discovery motion and the State was willing to comply with his discovery request, "[t]here was no reason for him to believe that the matter needed to be resolved further than his filing of the Motion for Discovery." The court asked Miller's counsel whether he set the motion for a hearing, to which he responded, "I did not, Your Honor." When asked whether "the Court [was] asked to do something" with the motion, Miller's counsel stated "No, Your Honor. The Court was not asked to do something."

Miller's counsel argued that "Miller made a reasonable request for discovery[,] [h]ad a proposed order that was not objected to[,] [t]here was . . . willingness to comply shown by the State prior to the Information even being filed[,]" and therefore, "at some point, reasonableness has to fall back on the responsibility of the State to prosecute this." The State submitted its argument by brief and the court took the matter under advisement.

On November 1, 2022, the district court entered an order denying Miller's motion for absolute discharge, finding that since Miller had a pending motion for discovery, the "speedy trial

- 2 -

clock stopped when the motion was filed." The court cited *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997), where the Nebraska Supreme Court "considered a situation where the defendant filed a pretrial motion but took no action to bring the motion on for a hearing." The court noted that in *Turner, supra*, the Supreme Court found that "'[i]t is not the State's or the court's burden to pursue the defendant's motions'" and "'it will be presumed that a delay in hearing defense pretrial motions is attributable to the defendant unless the record affirmatively indicates otherwise.'" In this case, the court found that "the record [did] not affirmatively indicate that the delay in hearing [Miller's] motion for discovery was caused by any act of the [State] or the court, i.e., the delay [was] attributable to [Miller]." It reasoned that if Miller "decided not to pursue the motion for discovery, the motion could have been withdrawn and the court contacted so that the case could proceed." The court rejected Miller's argument regarding the reasonableness of the delay, finding that Miller's "claim of unreasonable delay is not a recognized excuse." The court ultimately overruled and denied Miller's motion for absolute discharge.

Miller appeals.

## ASSIGNMENTS OF ERROR

Miller assigns that the district court's denial of his motion for absolute discharge was (1) clearly erroneous, and (2) "a violation of his right to a speedy trial under U.S. Constitution, Amendment VI and Nebraska Constitution, Article I, Section 11."

## STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Petty*, 269 Neb. 205, 691 N.W.2d 101 (2005).

To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id*.

## ANALYSIS

### STATUTORY RIGHT TO SPEEDY TRIAL

Section 29-1207 requires discharge of a defendant whose case has not been tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial. *State v. McHenry*, 268 Neb. 219, 682 N.W.2d 212 (2004). In computing the 6-month period for statutory speedy trial purposes, § 29-1207(4)(a) excludes, in relevant part, "the time from filing until final disposition of pretrial motions of the defendant." A motion for discovery filed by a defendant is a pretrial motion and the period during which it is pending should be excluded for speedy trial calculation purposes. See *State v. Washington*, 269 Neb. 728, 695 N.W.2d 438 (2005).

In this case, an information was filed against Miller on November 24, 2021. Therefore, the district court correctly concluded that absent any excluded time periods, the last day for commencement of Miller's trial was May 24, 2022, several weeks before Miller filed his motion for absolute discharge. No one disputes the district court's determination as to the 6-month date, before factoring in excludable periods. Rather, the issue is whether Miller's motion for discovery

filed on October 13, 2021, after the case was bound over to the district court but 6 weeks prior to the filing of the information, tolled the speedy trial clock until the July 8, 2022, hearing, at which time the court granted the motion.

Miller argues that the period during which the motion for discovery was pending should not be excluded from the 6-month speedy trial period because the motion was filed prior to the filing of the information. He cites § 29-1207(2), which provides in relevant part that the "six-month period shall commence to run from the date the indictment is returned or the information filed." He argues that the 6-month period in this case began on November 24, 2021, the day the information was filed, and expired 6 months later on May 24, 2022, since "[t]here were no filings made by [him] during" those 6 months. Brief for appellant at 11. However, nothing in the text of § 29-1207(4)(a) indicates that a pretrial motion filed prior to an information is not an excludable motion. In fact, the Nebraska Supreme Court has previously found "that under § 29-1207(4)(a), the period of delay is defined by the statute itself as the period between the filing and final disposition of the pretrial motion." *State v. Covey*, 267 Neb. 210, 217, 673 N.W.2d 208, 213 (2004). In describing the method of calculating an excludable period resulting from the pendency of a defendant's pretrial motion, the Nebraska Supreme Court has stated that the excludable period "commences on the day immediately after the filing of a defendant's pretrial motion" and ends at final disposition, which "occurs on the date the motion is granted or denied." *State v. Williams*, 277 Neb. 133, 141, 761 N.W.2d 514, 522 (2009) (internal quotation marks omitted). Since Miller's motion for discovery was not disposed of until July 8, 2022, when the court granted it, the 6-month speedy trial period had not run by the time he filed his motion for absolute discharge.

Further, to the extent Miller implies that the delay was caused by the State or the district court, we disagree. It is not the State's or the trial court's burden to pursue the defendant's motions. See *State v. Turner, supra*. Such motions are the primary responsibility of the party that brings them, and it is presumed that a delay in hearing defense pretrial motions is attributable to the defendant unless the record affirmatively indicates otherwise. See *id.* In *Turner, supra*, the Nebraska Supreme Court found that a defendant who failed to pursue his pretrial motions was at fault for the delay in disposition of those motions. It specifically stated that if the defendant "had decided not to pursue the motions, they could have been withdrawn and the trial court contacted so the case could have proceeded." *Id.* at 630, 564 N.W.2d at 238. However, the defendant did not take such action and "cannot take advantage of the delay in being brought to trial where by his own inactions he is responsible for the delay." *Id*. We likewise find that Miller was responsible for the delay in the disposition of his motion and being brought to trial. Miller's counsel admitted to the district court that he failed to set a hearing on the motion for discovery or otherwise "ask[] [the court] to do something" with the motion. As the court pointed out in its November 1, 2022, order, and as set forth in *Turner, supra*, Miller could have withdrawn his motion if he no longer sought to pursue it, but he failed to do so. As such, we find the delay in disposition of the motion was attributable to Miller.

Section 29-1207(4)(a) dictates the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the promptness or reasonableness of the delay of disposition. See *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023). We find no error in the district court's denial of Miller's motion for absolute discharge since the 6-month speedy trial period had not expired due to Miller's pending motion for discovery.

CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

Miller's motion for absolute discharge seeks dismissal of the case against him because the State "failed to prosecute the action within the required six-month period." The motion does not reference his constitutional right to a speedy trial. Miller raises the issue of his right to a speedy trial under the federal and state constitutions for the first time on appeal. Accordingly, we cannot consider this portion of Miller's argument. See *Landrum v. City of Omaha Planning Bd.*, 297 Neb. 165, 899 N.W.2d 598 (2017) (issue not presented to trial court may not be raised on appeal).

Further, even if Miller had raised his constitutional right to a speedy trial and the district court had denied his request for relief, we would not have had jurisdiction over that determination. See *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022) (pretrial order denying motion for discharge on constitutional speedy trial grounds does not affect substantial right in special proceeding for purposes of Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2020), and is not reviewable in interlocutory appeal of order overruling motion for discharge on statutory speedy trial grounds; appellate court lacks jurisdiction to review claim regarding absolute discharge on constitutional speedy trial grounds on interlocutory basis).

CONCLUSION

We affirm the district court's November 1, 2022, order denying Miller's motion for absolute discharge on statutory speedy trial grounds.

AFFIRMED.