STATE OF NEBRASKA, APPELLEE, V.
LOUIE A. CASTILLO, APPELLANT.
657 N.W.2d 650

Filed March 11, 2003. No. A-02-235.

Bill Bracker for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Louie A. Castillo appeals from an order of the district court overruling his motion for absolute discharge. Castillo's motion for absolute discharge was made on statutory grounds only. Because we find that Castillo's statutory right to a speedy trial was not violated, we affirm.

## II. BACKGROUND

On April 26, 2001, the State filed an information against Castillo. On May 4, Castillo filed a motion for discovery, which motion was disposed of by the court on May 17. On August 29, Castillo filed a motion to suppress evidence, which motion was overruled by the court on September 24. On September 18, Castillo filed a motion for additional discovery, which motion was disposed of by the court on September 24. On September 18, Castillo also filed a pleading captioned "Motion Pursuant to 28-321 Neb R.R.S." This "motion" was never disposed of by the district court.

When Castillo filed his "motion" concerning Neb. Rev. Stat. § 28-321 (Reissue 1995), he attached a "Notice of Hearing" which indicated that the issues concerning § 28-321 would be

heard on September 24, 2001. On September 24, the district court conducted a hearing on Castillo's motion to suppress evidence. At the conclusion of the suppression hearing, Castillo's attorney asked the court for relief on the motion for additional discovery which had been filed on September 18, but did not mention or otherwise ask for relief on the "motion" concerning § 28-321.

On January 2, 2002, the district court held a hearing on Castillo's motion for absolute discharge. At the hearing, the court was advised that the "motion" concerning § 28-321 was filed by previous counsel representing Castillo and that previous counsel had since withdrawn. Counsel representing Castillo at the hearing indicated to the court that there would not be a speedy trial problem if the "motion" was considered a "pretrial motion" for speedy trial purposes.

On January 30, 2002, the district court entered an order overruling Castillo's motion for absolute discharge. The district court found that Castillo's "motion" concerning § 28-321 was a pretrial motion pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1995) and that the motion had not yet been resolved. As such, the district court found that the time from Castillo's filing of the motion on September 18, 2001, through the time of the hearing on Castillo's motion for absolute discharge was all excludable time under § 29-1207(4). This timely appeal followed.

### III. ASSIGNMENT OF ERROR

Castillo assigns as error the district court's order overruling his motion for absolute discharge on statutory speedy trial grounds.

### IV. ANALYSIS

#### 1. STANDARD OF REVIEW

 Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002); *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000); *State v. Washington*, ante p. 598, 658 N.W.2d 302 (2003). To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

## 2. STATUTORY RIGHT TO SPEEDY TRIAL

On appeal, Castillo argues that he was entitled to an absolute discharge because the State of Nebraska violated his statutory right to a speedy trial. Specifically, Castillo argues that the "motion" concerning § 28-321 should have been treated as a notice required by statute, not as a pretrial motion. Castillo's argument is similar to the argument we addressed in *State v. Washington, supra*. We find that the facts and the record in the present case, however, are different from those in *State v. Washington*, and we find that Castillo's "motion" was a pretrial motion, unlike the filing in *State v. Washington*.

■ Section 29-1207 provides that every person charged for any offense shall be brought to trial within 6 months of the day the information is filed. Section 29-1207(4) provides a variety of time periods which are to be excluded when computing whether the 6-month period has expired. The State has the burden of proving that one or more of the excluded periods of time under § 29-1207(4) are applicable if the defendant is not tried within 6 months of the filing of the information in a criminal action. *State v. Washington, supra*.

■ The final trial date under § 29-1207 is determined by excluding the date the information was filed, counting forward 6 months, and then backing up 1 day. *State v. Washington, supra*. See, *State v. Baker, supra*; *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991); *State v. Soltis, ante* p. 61, 644 N.W.2d 160 (2002); *State v. Borland*, 3 Neb. App. 758, 532 N.W.2d 338 (1995). As noted, the information was filed against Castillo on April 26, 2001. Therefore, without any excludable periods of time, Castillo should have been brought to trial by October 26.

### (a) Exclusion From May 4 to 17, 2001

Section 29-1207(4)(a) provides that the time from filing until final disposition of pretrial motions of the defendant shall be excluded in computing the date by which the defendant must be brought to trial for speedy trial purposes. On May 4, 2001, Castillo filed a pretrial motion for discovery. This pretrial motion of the defendant was disposed of on May 17.

The district court, in the order overruling Castillo's motion for absolute discharge, concluded that 14 days were excludable

for this period of time. In *State v. Baker, supra*, the Nebraska Supreme Court reaffirmed that the day on which a defendant files a pretrial motion should *not* be included in the defendant's speedy trial calculation. The district court in the present case improperly included the day on which Castillo filed his motion for discovery. As such, 13 days should be excluded from computing Castillo's trial date. Therefore, without any other excludable periods of time, Castillo should have been brought to trial by November 8, 2001. (October 26 + 13 days = November 8.)

(b) Exclusion From August 29 to September 24, 2001

On August 29, 2001, Castillo filed a motion to suppress evidence. Section 29-1207(4)(a) specifically includes motions to suppress as pretrial motions and provides that the period of delay resulting from the filing of motions to suppress is excludable in calculating the defendant's trial date. Castillo's motion to suppress was resolved by the district court on September 24. As such, these 26 days should be excluded from computing Castillo's trial date. We note that the district court found this period to be 27 days, again incorrectly including the date of filing. Therefore, without any other excludable periods of time, Castillo should have been brought to trial by December 4. (November 8 + 26 days = December 4.)

(c) Castillo's § 28-321 Filing

On September 18, 2001, Castillo filed, as statutorily required by § 28-321, a pleading indicating his intent to offer evidence of specific instances of the alleged victim's past sexual behavior. Castillo's pleading was captioned a "Motion." The pleading requested an order of the court determining the admissibility of the evidence and included a "Notice of Hearing" scheduling the matter for a pretrial hearing on September 24.

The district court found, and the State argues on appeal, that the entire time from when Castillo filed this pleading on September 18, 2001, until the court disposed of the issue, which had not yet happened when the court held the hearing on Castillo's motion for absolute discharge, should be excluded in calculating Castillo's trial date. According to the district court and the State, Castillo's filing constituted a pretrial motion as that term is used in § 29-1207(4). We agree.

In *State v. Washington, ante* p. 598, 658 N.W.2d 302 (2003), we provided a detailed analysis of the requirements of § 28-321. We specifically noted that § 28-321(1) does not mandate a pretrial hearing on the admissibility of evidence and that the statute merely indicates that if a defendant intends to offer evidence of the alleged victim's prior sexual behavior, the defendant must file a pretrial notice of his or her intent. We further noted that upon the filing of the notice, either party may, pursuant to § 28-321(2), request the court to conduct an in camera hearing, which may be scheduled and held either pretrial or during trial.

The facts and record of the present case differ from *State v. Washington, supra,* in one important respect. In *State v. Washington,* the defendant specifically did not request any pretrial ruling on the admissibility of the evidence. Rather, the defendant merely filed the statutorily required notice, pursuant to § 28-321(1), and the State filed a motion, authorized by § 28-321(2), seeking a pretrial hearing and ruling on the matter. In the present case, Castillo affirmatively requested and scheduled a pretrial hearing to determine the admissibility of the evidence. As such, Castillo's filing did more than comply with the notice requirement of § 28-321(1) and actually requested a pretrial hearing, as authorized by § 28-321(2). Although the issue was not addressed on the date set for hearing, the record indicates that Castillo did not merely file a pretrial notice, as did the defendant in *State v. Washington,* but, rather, took the additional step of requesting a pretrial hearing and ruling.

As such, we conclude that the result in the present case is different from the factually distinct case of *State v. Washington, supra.* In the present case, Castillo filed a "pretrial motion" as that term is used in § 29-1207(4)(a), and the delay resulting from that filing is excluded in calculating Castillo's trial date. Because the motion had not yet been resolved when Castillo's motion for absolute discharge was heard, the entire time from September 24, 2001, when the motion to suppress evidence was resolved, through the hearing on Castillo's motion for absolute discharge is excludable. The district court was not clearly erroneous in concluding that the charges should not be dismissed on statutory speedy trial grounds.

## V. CONCLUSION

The district court was not clearly erroneous in finding that Castillo's statutory right to a speedy trial was not violated. We affirm the district court's order overruling Castillo's motion for absolute discharge.

AFFIRMED.