Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/15/2026 08:12 AM CDT

State of Nebraska, appellee and
cross-appellant, v. William P. Collins,
appellant and cross-appellee.

___ N.W.3d ___

Filed May 15, 2026.    No. S-25-169.

1.  **Statutes.** The application of a statute to undisputed facts is a question of law.
2.  **Judgments: Appeal and Error.** On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.
3.  **Speedy Trial: Appeal and Error.** Because the application of undisputed historical facts to the Nebraska speedy trial statute is a question of law, it is not unusual for appellate speedy trial opinions to consider excludable periods that differ from those considered by the trial court.
4.  **Speedy Trial.** To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded pursuant to the statutes.
5.  ____. When the State files an amended information that charges the same crime, the time continues to run against the State for purposes of the speedy trial act.
6.  **Speedy Trial: Proof.** To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of excluded time under the speedy trial statute by a preponderance of evidence.
7.  **Indictments and Informations: Aggravating and Mitigating Circumstances.** Aggravating circumstances are now part of the allegations that must be set forth in the information before trial.
8.  **Indictments and Informations: Aggravating and Mitigating Circumstances: Pleadings.** An alleged defect in the aggravating circumstances set forth in the information is the proper subject of a motion to quash, which may be made in all cases when there is a defect

apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged.

9. **Speedy Trial: Words and Phrases.** A "proceeding," within the meaning of the exclusion of time for a period of delay resulting from other proceedings concerning a defendant under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016), is any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object.

10. **Speedy Trial.** An accused cannot take advantage of a delay in being brought to trial where the accused is responsible for the delay by either action or inaction.

11. **Speedy Trial: Words and Phrases.** The period excludable under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) commences on the day immediately after the filing of a defendant's pretrial motion and ends at the final disposition, which occurs on the date the motion is granted or denied and not the date of a subsequent journal entry reflecting that a prior order was made.

12. **Statutes.** In reading a statute, courts must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute.

13. **Words and Phrases.** When a general phrase follows a list of specific things, the specific terms modify and restrict the interpretation of the general phrase.

14. **Pleas: Indictments and Informations: Waiver.** A plea of not guilty, whether made by the defendant or entered by the court when on arraignment the defendant stands mute, is a waiver of all defects in an information that can be reached by a motion to quash.

15. **Speedy Trial.** A period of delay is excludable under Neb. Rev. Stat. § 29-1207 (Reissue 2016) regardless of whether it overlaps with a period of delay requested by or to the benefit of the State.

Appeal from the District Court for Washington County: Bryan C. Meismer, Judge. Affirmed.

Timothy S. Noerrlinger, of Nebraska Commission on Public Advocacy, for appellant.

Michael T. Hilgers, Attorney General, and Stacy M. Foust for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Freudenberg, J.

## INTRODUCTION

The defendant was charged with several crimes, including first degree murder, for which the State sought the death penalty. The issues on appeal relate to the district court's denial of the defendant's motion for absolute discharge under Neb. Rev. Stat. § 29-1207 (Reissue 2016), principally whether the defendant's motions to quash the death-qualifying aggravating circumstances of the original information and several subsequent amended informations constituted pretrial motions excludable under § 29-1207(4)(a). In each motion to quash, the defendant requested and was granted a hearing thereon before trial. The parties dispute the applicability of our holding in *State v. Covey*[1] to the defendant's motions to quash. We held therein that the defendant's "'Motion to Quash Death Penalty,'" which expressly stated it was to be taken up only in the event of a conviction, and which the court did not address before trial, was neither a motion to quash, a pretrial motion under § 29-1207(4)(a), nor a motion identified in § 29-1207(4)(b) through (e).[2] Albeit for somewhat different reasons than those expressed by the district court, we affirm its order denying the defendant's motion for discharge.

## BACKGROUND

### Original Information January 8, 2024

The State filed its original information against William P. Collins on January 8, 2024. It alleged nine counts: murder in the first degree, two counts of possession of a deadly weapon by a prohibited person, two counts of use of deadly weapon to commit a felony, assault in the first degree, burglary, prohibited

---

[1] *State v. Covey*, 267 Neb. 210, 673 N.W.2d 208 (2004).

[2] *Id*. at 215, 673 N.W.2d at 212.

acts with respect to a stolen firearm, and theft by unlawful taking.

The information also set forth notice by the State that it intended to adduce three specified aggravating circumstances: (1) The murder was committed in an effort to conceal the commission of a crime or to conceal the identity of the perpetrator of such crime; (2) the murder was committed for hire or for pecuniary gain, or the defendant hired another to commit the murder for the defendant; and (3) the murder was especially heinous, atrocious, or cruel or manifested exceptional depravity by ordinary standards of morality and intelligence.

The certificate of service set forth that Collins' attorneys were sent copies of the information via email on January 8, 2024. Arraignment was scheduled for January 11. The procedural complexities of the case commenced almost immediately thereafter.

### January 11, 2024, Motion to Quash Original Information Decided February 15, 2024, and January 11, 2024, Continuance of Arraignment Held on February 20, 2024

Docket notes indicate that on January 11, 2024, Collins refused arraignment because of lack of service of the information. That same date, Collins filed a "Motion to Quash and Declare Sections of the Nebraska Death Penalty Statutes Unconstitutional." The motion contained a notice of hearing for February 1 or as soon thereafter as counsel may be heard.

A journal entry on January 16, 2024, reflects that, on January 11, 2024, Collins, who was present in court with counsel, requested a "continuance of the arraignment for service" and moved to set a hearing date for his motion to quash. The court found that because Collins was served with the information by a county sheriff's deputy in open court, the service of the information had been perfected. The appellate record does not contain the bill of exceptions for the January 11 hearing.

An exhibit reflects that the sheriff served Collins by personal service on January 11.

The court set the hearing on Collins' motion to quash and for arraignment for February 1, 2024. Collins' motion asked the court to quash all the aggravating circumstances alleged in the information and declare certain sections of Nebraska's death penalty statutes unconstitutional.

In the motion, Collins argued, among other things, that after the passage of 2002 Neb. Laws, L.B. 1, 3d Spec. Sess., codified in Neb. Rev. Stat. § 29-2519 et seq. (Cum. Supp. 2024), aggravating factors are the functional equivalent of greater offenses, with requirements that the State specify which statutory aggravators it intends to prove, which proof the jury must determine beyond a reasonable doubt.

A journal entry on February 5, 2024, reflects that an evidentiary hearing on the motion to quash was held on February 1 and that the matter was taken under advisement. Arraignment was set for February 20.

On February 15, 2024, the court entered an order denying and dismissing the motion to quash. The court found Collins' facial challenges to the death penalty lacked merit and that his as-applied challenges were premature and not appropriate for a motion to quash.

A journal entry on February 21, 2024, states Collins was arraigned on February 20. Neither the January 11 hearing nor the February 1 hearing is in the record.

### February 22, 2024, Motion for Bill of Particulars Decided March 5, 2024

On February 22, 2024, Collins moved for a bill of particulars requiring the State to plead with more specificity the allegations of murder in the first degree, burglary, and the aggravating circumstances so that he could adequately prepare his defense. For the burglary charge, Collins pointed out the information did not allege what felony he intended to commit. Collins also took issue with the murder charge's

being pleaded as both premeditated and felony murder in conjunction with the aggravating circumstances that the murder was committed to conceal the commission of a crime or the identity of the perpetrator and that the murder was committed for pecuniary gain, because both aggravators could not apply to both theories of first degree murder.

A journal entry on March 11, 2024, explains that the hearing on the bill of particulars had been held on March 5 and that the court had granted the motion in part as to the burglary charge and ordered the State to file an amended information within 10 days. The court set rearraignment on the ordered amended information for March 19.

The State filed an amended information on March 6, 2024. The amended information specified that the underlying felonies Collins intended to commit when breaking and entering were theft, possession of a deadly weapon by a prohibited person, assault, and false imprisonment in the first degree. Copies of the amended information were served via email to Collins' attorneys on March 6.

### Motion for Discovery Made and Decided February 28, 2024

Collins had moved for discovery on February 28, 2024. The motion was granted that same day.

### March 19, 2024, Motion to Quash Amended Information Announced; Requested Hearing Set for April 4, 2024; Motion Filed March 28, 2024; and Second Amended Information Filed April 3, 2024

In a journal entry on March 19, 2024, the court explained that, at a hearing on that same date, Collins announced he would be filing a motion to quash the burglary count of the amended information and had moved to have the matter set for hearing. Collins did not enter a plea. The hearing was

set for April 4. The record does not contain a transcription of the hearing.

The written "Motion to Quash" the amended information was filed on March 28, 2024. In the motion, Collins challenged the possession of a firearm by a prohibited person as an underlying felony for the burglary charge. Collins also reiterated his challenges from the motion for bill of particulars as to the two aggravating circumstances being incapable of application to both the theories of felony murder and premeditated murder. The motion to quash set forth a notice of hearing for April 4 or as soon thereafter as counsel may be heard.

### April 4, 2024, Order Finding Motion to Quash Amended Information Moot; April 4, 2024, Oral Motion to Reschedule Hearing to May 8, 2024; and April 29, 2024, Motion to Quash Second Amended Information Decided May 16, 2024

On April 3, 2024, the day before the scheduled hearing on the motion to quash, the State filed a second amended information removing the possession of a firearm as an underlying felony for the burglary charge. Collins' attorneys were served on April 3 with copies of the second amended information.

A journal entry on April 8, 2024, states that, at the April 4 hearing, Collins advised the court his motion to quash was moot due to the filing of the second amended information. The journal entry further states that Collins moved to reschedule the hearing on the motion to quash to allow him time to file a new motion to quash the second amended information.

The transcription of the April 4, 2024, hearing, entered into evidence at the later hearing on Collins' motion for absolute discharge, reflects that the hearing on April 4 began at 9:03 a.m. Collins said he could be arraigned at that time but not plead; he was amenable to how the court wished to handle it. Collins then agreed that, despite the court's being

unable to set the hearing until May, setting the matter for a future hearing was the best course of action. The hearing was rescheduled for May 8.

Collins' "Motion to Quash Second Amended Information" was filed on April 29, 2024. In the motion, Collins reiterated that the two specified aggravators could not apply to both theories of murder, as well as his general challenges to the death penalty. He also asserted that neither discovery nor the allegations of the second amended information supported the alleged aggravating circumstance of the offender's having been previously convicted of another murder or crime of violence. Collins' motion contained a notice of hearing for May 8 or as soon thereafter as counsel may be heard.

No transcription of the hearing is in the appellate record. A journal entry indicates the evidentiary hearing was held on May 7, 2024, and the court took the matter of the motion to quash under advisement. Arraignment on the second amended information was scheduled for May 21.

On May 16, 2024, the court issued its order on the motion to quash the second amended information. The court denied and dismissed the motion. It reiterated its conclusion regarding the general challenge to the death penalty and found no merit to the motion to quash the aggravators on the ground that they were logically inconsistent or not yet supported by the evidence.

Collins was arraigned on the second amended information on May 21, 2024, whereupon Collins stood mute and the court entered a plea on his behalf.

## March 20, 2024, Objection to Expanded Media Coverage

On March 20, 2024, Collins filed an objection to requests made on March 19 for expanded news and media coverage. Collins explained that the requests covered pretrial hearings and were not limited in scope. The motion set forth that a hearing thereon was set for April 4, but the record does not

reflect that the court considered the matter at the April 4 hearing. On September 27, the court entered an order modifying expanded media coverage. The State has not raised this period as excludable.

### July 29, 2024, Motion to Suppress
### Decided October 20, 2024

On July 29, 2024, Collins filed a motion to suppress statements and for a hearing to determine which, if any, of his pretrial admissions were made voluntarily, intelligently, or understandingly, or in violation of constitutional rights. In an order filed on August 1, the court set forth that there had been a hearing that was not on the record due to technical difficulties. Collins had "waived a hearing on the record and asked that the matter be scheduled for hearing on the Motion to Suppress."

The hearing on Collins' motion to suppress was continued to September 30, 2024. Following the evidentiary hearing on September 30 and subsequent briefing received on October 15, the court took the matter under advisement. It did not issue its order on the motion until November 20. The court denied the motion to suppress and set the trial for January 13, 2025.

### October 18, 2024, Pretrial Motions
### Decided October 25, 2024

On October 18, 2024, Collins filed several motions. He moved for orders requiring the State to disclose whether it intended to produce other acts evidence at trial pursuant to Neb. Rev. Stat. § 27-404(2)(Cum. Supp. 2024), requiring the State to disclose if it intended to produce prior convictions as impeachment evidence under Neb. Rev. Stat. § 27-609 (Reissue 2016), directing the clerk to send out his attached expanded jury questionnaire before voir dire, directing him to wear civilian clothing, and directing the sheriff to remove all visible restraints when he is in the presence of the jury. He also

moved for an order directing that all prospective witnesses be sequestered during the trial.

All the motions had notices of hearing set for October 25, 2024, or as soon thereafter as counsel may be heard.

The hearing occurred as scheduled on October 25, 2024. A transcription of the hearing was entered as an exhibit at the hearing on the later motion for discharge. It reflects that the court orally pronounced it was granting the motion for a supplemental jury questionnaire. On the motions for the State to disclose, the court pronounced that it was giving the State 30 days to file notice; that if there is notice, the matter could be set for further hearing; and that if there is no notice, "it takes care of itself." While the State said it had no objections to the motions to sequester the jury, wear civilian clothing, and remove visible restraints, the court did not orally pronounce rulings on those motions. It also expressly noted there was still a defense motion pending that was tolling the speedy trial period, which defense counsel appeared to concede.

In a written order dated October 27, 2024, the court granted Collins' motions to send out an expanded jury questionnaire, wear civilian clothing, remove visible restraints, and sequester the jury. The court also granted his motions for disclosure of prior convictions and prior bad acts, giving the State 30 days to file its notice of intent.

A final pretrial hearing was set for December 19, 2024, and trial was set at that time for March 24, 2025. However, on October 30, 2024, the court, on its own motion, set the trial for January 13, 2025.

### January 7, 2025, Motion for Discharge

Following the final pretrial hearing on December 19, 2024, the trial was still set for January 13, 2025. On January 7, Collins filed a motion to discharge pursuant to Neb. Rev. Stat. § 29-1207 et seq. (Reissue 2016).

Collins conceded that 12 days, from February 23 until March 5, 2024, were excludable due to his motion for a

bill of particulars. He also conceded 6 days were excludable, from March 28 to April 3, 2024, due to his motion to quash the amended information, because that motion to quash included challenges to the burglary charge.

Collins argued his motions to quash the original information and second amended information, on the other hand, were not excludable as pretrial motions under § 29-1207(4)(a), because they pertained only to the death penalty and aggravating circumstances, which are not essential elements of any crime charged. Collins argued that though captioned as motions to quash, in substance they were not. According to Collins, the two motions were merely motions to quash the death penalty, which, under *State v. Covey*, are not pretrial motions that fall under § 29-1207(4)(a).[3] He argued that the motions could only fall under the catchall good cause provision of § 29-1207(4)(f), that the State had made no specific showing of good cause, and that there were no specific findings of good cause.

Collins argued that, even if the periods attributable to all three motions to quash were excludable for good cause, his statutory right to a speedy trial had run. This apparently followed from the fact that the State had failed to serve Collins with the information as required by Neb. Rev. Stat. § 29-1802 (Cum. Supp. 2024), which provides, in part, that "[n]o one shall be, without his or her assent, arraigned or called on to answer to any indictment until one day has elapsed after receiving in person or by counsel or having an opportunity to receive a copy of such indictment." Collins argued that because he was not served before the arraignment on January 11, 2024, any delay up to February 1 was attributable to the State.

The State argued that *State v. Covey* was distinguishable and not controlling of Collins' motions to quash. Thus, it contended, the period attributable to all three motions to quash

---

[3] *State v. Covey, supra* note 1.

was excludable under § 29-1207(4)(a). Alternatively, the State sought to admit the court's calendar to establish good cause.

## Court's Order Overruling Motion
### for Absolute Discharge

The district court overruled Collins' motion for absolute discharge. It found five periods of time were excluded from the statutory 6-month period.

First, the court excluded 21 days from January 11 to February 1, 2024. Although the court accepted Collins' argument that *State v. Covey* held that a motion to quash the death penalty is not a pretrial motion and should be considered only under § 29-1207(4)(f), the court found the continuance of the matter from January 11 to February 1 was "at the defendant's request, and with at least tacit acknowledgement that the speedy trial clock would be stopped."[4] The court explained that at the scheduled arraignment hearing on January 11, defense counsel had told the court he had not yet been served with the information and had drafted a motion to quash he would later be filing. The court explained that defense counsel also said at the January 11 hearing, "'[w]ith respect to the speedy trial clock, once that motion to quash is filed, that will stop the speedy trial clock. So, any concerns ( . . . the State) might have related to that should not be an issue.'" The court said it set the matter for February 1 based on these representations by defense counsel.

Second, the court excluded 11 days from February 22 to March 5, 2024. This period was attributed to the defense motion for a bill of particulars, and its exclusion was not disputed by defense counsel.

Third, the court excluded 15 days from March 19 to April 3, 2024. The court found this time attributable to the motion to quash the amended information, which defense counsel did not dispute was excludable under § 29-1207(4)(a). The court

---

[4] See *id.*

also found that defense counsel's request to set a new hearing on the then-forthcoming motion to quash should be considered a request for a continuance under § 29-1207(4)(b). The court found that the filing by the State of the second amended information on April 3 mooted the motion to quash the amended information and restarted the speedy trial calculation.

Fourth, the court excluded 34 days from April 4 to May 8, 2024. The court did not exclude the time attributable to Collins' motion to quash the second amended information as such; therefore, the court did not exclude the time after the hearing on that motion while it was under advisement. However, the court excluded the continuance of the hearing date for arraignment on the second amended information and on the pending motion to quash as being at defense counsel's request and thus falling under § 29-1207(4)(b).

Finally, the court excluded 114 days from July 29 to November 20, 2024. It found this period attributable to the defense's motion to suppress and excludable under § 29-1207(4)(a).

In its order, the court generally noted that, at a hearing on May 21, 2024, defense counsel told the court:

> "[T]here's probably a large amount of excludable time. There's been two separate — actually, there's been a motion for bill of particulars as well as two motions to quash, which excluded large chunks of time from the date of the initial information being filed. I'll defer — I will tell the Court I have not discussed that with . . . Collins. I don't know — and I'll leave it at that."

Regardless, the court found that the five excluded periods totaled 195 days, which put the speedy trial date at January 19, 2025. Because the motion for discharge preceded that date, the court overruled the motion.

The court denied the State's request to admit the court's calendar, because it was irrelevant to the proceedings. The court reasoned it never delayed the proceedings under § 29-1207(4)(f) and never made any finding of good cause

for delay. Instead, all hearing dates were set with deference to counsels' schedules.

Collins appeals from the court's order overruling his motion for discharge, and the State cross-appeals certain rulings of the court during the hearing on the motion and certain findings made in its order.

Considering the parties' dispute over the applicability of *State v. Covey*, we granted the State's petition to bypass the Nebraska Court of Appeals.[5]

## ASSIGNMENTS OF ERROR

Collins assigns that the district court erred by failing to grant his motion to discharge, because his statutory right to a speedy trial had run.

In the State's cross-appeal, it assigns that the district court erred by (1) not excluding time under § 29-1207(4)(a) for Collins' motions to quash the information and second amended information; (2) finding that Collins' motion to quash the amended information was moot, and that the speedy trial clock restarted when the State filed the second amended information; (3) failing to consider whether the record established that good cause existed to exclude time under § 29-1207(4)(f); and (4) denying the State's motion to admit the court's calendar and failing to consider such evidence as part of a good cause analysis.

## STANDARD OF REVIEW

[1] The application of a statute to undisputed facts is a question of law.[6]

[2] On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[7]

---

[5] See *id.*

[6] *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023).

[7] *Id.*

## ANALYSIS

[3] Because the application of undisputed historical facts to the Nebraska speedy trial statute is a question of law,[8] it is not unusual for our speedy trial opinions to consider excludable periods that differ from those considered by the trial court.[9] For the reasons that follow, we hold that all three defense motions to quash were, in both form and substance, pretrial motions resulting in periods of delay excludable under § 29-1207(4)(a) and that our holding in *State v. Covey* is inapplicable to the facts of the case at bar.[10] Although our calculations differ somewhat from the trial court's, combining these excludable periods with other periods of delay, we ultimately agree with the district court's ruling that Collins' motion for discharge was premature.

[4-6] Nebraska's speedy trial statute, § 29-1207, requires discharge of a defendant whose case has not been tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial.[11] To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded pursuant to the statutes.[12] When the State files an amended information that charges the same crime, the time continues to run against the State for purposes of the speedy trial act.[13] To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of excluded time under the

[8] See, *State v. Brooks*, 319 Neb. 377, 22 N.W.3d 640 (2025); *State v. Nelson, supra* note 6.

[9] *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021).

[10] See *State v. Covey, supra* note 1.

[11] *State v. Craig*, 15 Neb. App. 836, 739 N.W.2d 206 (2007).

[12] *State v. Blocher*, 307 Neb. 874, 951 N.W.2d 499 (2020).

[13] See *State v. Newman*, 21 Neb. App. 29, 838 N.W.2d 317 (2013).

speedy trial statute by a preponderance of evidence.[14] The parties agree that, without any time excluded under subsections (4)(a) through (4)(f) of § 29-1207, the State had until July 8, 2024, to bring Collins to trial.

Section 29-1207(4)(a) provides that periods of delay resulting from proceedings concerning the defendant, including pretrial motions, shall be excluded in computing the time for trial. Section 29-1207(4) states:

The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to, an examination and hearing on competency and the period during which he or she is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue; and the time consumed in the trial of other charges against the defendant.

The question of whether Collins' motions to quash the original information and the second amended information are excludable pretrial motions under § 29-1207(4)(a) presents a question of law that we determine independently of the court below.[15] Collins concedes the period of delay from the filing of his motion to quash the amended information until its final disposition was properly excluded.

In *State v. Covey*, we held that the defendant's "'Motion to Quash Death Penalty,'" despite being captioned a "'motion to quash,'" was not excludable under § 29-1207(4)(a).[16] We observed that, "by its terms, this motion was not to be decided before trial as to guilt nor did it impact the commencement

---

[14] *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

[15] See *State v. Nelson, supra* note 6.

[16] *State v. Covey, supra* note 1, 267 Neb. at 215, 673 N.W.2d at 212.

of trial."[17] Rather, the motion stated that a hearing on its substance should be taken up only if the defendant was convicted of first degree murder, and the district court said it would not take up the substance of the motion before trial because it was premature. We also reasoned there was no "period of delay" due to the "motion."[18] As a result, it was not any motion identified in § 29-1207(4)(a) through (e).

After *State v. Covey*, the U.S. Supreme Court in *United States v. Tinklenberg*,[19] reading similar language found in 18 U.S.C. § 3161 (2018), held that the excludable periods for pretrial motions apply automatically and are not dependent upon whether the motions cause a delay or the expectation of a delay of trial. The Court explained that the word "delay" does not inevitably indicate a postponement; it can also mean the "'interval of time between two events.'"[20]

Subsequently, in *State v. Coomes*,[21] we explained that a "period of delay" is synonymous with a "period of time." We said excludable periods can result from delays in the progression of a criminal case regardless of whether the trial date was postponed or remained unchanged.[22] We also commented on *State v. Covey*, stating, "The circumstances in *Covey* were unique in that the defendant's pretrial motion did not have any bearing at all on the preparation for, or commencement of, trial, and by its own terms was not to be taken up until after trial."[23]

Collins argues *State v. Covey* broadly stands for the proposition that motions to quash the death penalty or any of its

---

[17] *Id.*

[18] *Id.*

[19] *United States v. Tinklenberg*, 563 U.S. 647, 131 S. Ct. 2007, 179 L. Ed. 2d 1080 (2011).

[20] *Id.*, 563 U.S. at 654.

[21] *State v. Coomes, supra* note 9, 309 Neb. at 768, 962 N.W.2d at 524.

[22] *Id.* See, also, *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

[23] *State v. Coomes, supra* note 9, 309 Neb. at 767, 962 N.W.2d at 524.

aggravators are not excludable under § 29-1207 under any circumstances. He relies on *State v. Palmer*[24] to bolster this assertion and argues that the allegations of aggravating circumstances in the information are merely a contingent notice of intent and that thus, any challenge to the aggravators is not ripe until there is a conviction of first degree murder. He asserts that unripe challenges cannot be the subject of excludable motions to quash, even if they seek pretrial hearings.[25] We find these arguments unavailing.

*State v. Palmer* did not determine whether a motion to quash aggravating circumstances is excludable under § 29-1207(4); nor did it address ripeness. Instead, in relation to claims by the defendant that the lower court erred in imposing the death penalty, we held in *State v. Palmer* that the district court did not err in overruling a defense motion to require the State to specify which aggravating circumstances it intended to rely on. We rejected the defendant's argument that he had a constitutional right to such notice under the Sixth Amendment to the U.S. Constitution and Neb. Const. art. I, § 11.

*State v. Palmer* was decided before the U.S. Supreme Court's decision in *Ring v. Arizona*,[26] which held the defendant has the right to have a jury determine aggravating circumstances in a capital case. *State v. Palmer* was also decided before the passage of L.B. 1.[27] L.B. 1 includes the requirement codified under Neb. Rev. Stat. § 29-1603(2)(a) (Cum. Supp. 2024), that any information in which the death penalty is sought shall allege one or more aggravating circumstances, which, under § 29-1603(2)(b), the State can add to or amend only "up to and including the thirtieth day prior to the trial of guilt."

Section 29-1603 states:

---

[24] *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986), *overruled on other grounds, State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023).

[25] See *id.*

[26] *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002).

[27] 2002 Neb. Laws, L.B. 1, 3rd Spec. Sess.

(2)(a) Any information charging a violation of section 28-303 and in which the death penalty is sought shall contain a notice of aggravation which alleges one or more aggravating circumstances, as such aggravating circumstances are provided in section 29-2523. The notice of aggravation shall be filed as provided in section 29-1602. It shall constitute sufficient notice to describe the alleged aggravating circumstances in the language provided in section 29-2523.

(b) The state shall be permitted to add to or amend a notice of aggravation at any time up to and including the thirtieth day prior to the trial of guilt.

(c) The existence or contents of a notice of aggravation shall not be disclosed to the jury until after the verdict is rendered in the trial of guilt.

Under Neb. Rev. Stat. § 29-2520(4)(c) (Cum. Supp. 2024),

If the jury serving at the aggravation hearing is the jury which determined the defendant's guilt, the jury may consider evidence received at the trial of guilt for purposes of reaching its verdict as to the existence or nonexistence of aggravating circumstances in addition to the evidence received at the aggravation hearing.

[7,8] Aggravating circumstances are thus now part of the allegations that must be set forth in the information before trial. They are not, as Collins seems to suggest, mere unripe placeholders. Rather, the aggravating circumstances must be specifically alleged and cannot be added to or amended after the 30th day prior to the trial of guilt. Given that the same jury will determine if the State has proved the alleged aggravating circumstances and may consider the evidence received at trial in so doing, which aggravating circumstances the State plans on pursuing can be relevant to defense strategy during the trial of the underlying crime. In sum, an alleged defect in the aggravating circumstances set forth in the information is the proper subject of a "motion to quash," which "may be made in all cases when there is a defect apparent upon the

face of the record, including defects in the form of the indictment or in the manner in which an offense is charged."[28] Without deciding whether, as a general proposition, a pretrial motion must be ripe to be excludable under § 29-1207(4), we find that Collins' motions to quash the aggravating circumstances set forth in the informations were ripe for determination before the trial commenced.

[9] Even if Collins' motions were not characterized as motions to quash, they would still be pretrial motions under § 29-1207(4)(a), because they sought delays for the court to consider and determine, before trial, his applications for relief. We have explained that a "proceeding," within the meaning of the exclusion of time for a period of delay resulting from other proceedings concerning a defendant under § 29-1207(4)(a), is any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object.[29]

[10] As illustrated by the Court of Appeals in *State v. Castillo*,[30] whether the defense insists on a hearing to consider and determine the merits of a defense motion before the commencement of trial is more important than the motion's label in determining whether the motion is a pretrial motion under § 29-1207(4)(a). The Court of Appeals in *State v. Castillo* held that a statutorily required notice by the defendant of intent to offer specific instances of the victim's past sexual behavior, though ordinarily a pleading that does not constitute a pretrial motion, was a pretrial motion excludable under § 29-1207(4)(a) under the facts presented. The court explained that the defendant not only captioned the pleading as a "motion" but included a notice of hearing scheduling the matter to be heard.[31] The defendant observed that the Court

---

[28] Neb. Rev. Stat. § 29-1808 (Reissue 2016).

[29] See *State v. Hernandez*, 309 Neb. 299, 959 N.W.2d 769 (2021).

[30] *State v. Castillo*, 11 Neb. App. 622, 657 N.W.2d 650 (2003).

[31] *Id.*

of Appeals did not simply file the statutorily required notice, but "took the additional step of requesting a pretrial hearing and ruling."[32] At the scheduled hearing on the motion, other matters were considered, but the defendant did not argue the motion, which remained pending at the time of the defendant's motion for discharge. The Court of Appeals agreed with the district court's determination that, under those circumstances, the entire period from the filing of the motion of intent to offer instances of past sexual behavior, up until the filing of the motion for discharge, was excludable as owing to a pretrial motion. This holding in *State v. Castillo* is consistent with our general proposition that an accused cannot take advantage of a delay in being brought to trial where the accused is responsible for the delay by either action or inaction.[33]

All three motions to quash by Collins, similar to the motions in *State v. Castillo*, contained notices of hearings. Collins took the additional steps of requesting pretrial hearings and court rulings on the motions before the commencement of trial. He cannot benefit from the trial delays resulting from such requests. All three motions to quash fall under § 29-1207(4)(a).

[11] The express terms of § 29-1207(4)(a) exclude all time "from filing until final disposition" regardless of the promptness or reasonableness of the delay.[34] We have said the period excludable under § 29-1207(4)(a) commences on the day immediately after the filing of a defendant's pretrial motion and ends at the final disposition, which occurs on the date the motion is granted or denied and not the date of a subsequent journal entry reflecting that a prior order was made.[35]

The statutory period set forth in § 29-1207(4)(a) does not include the time from the announcement of a defendant's

---

[32] *Id*. at 627, 657 N.W.2d at 655.

[33] See *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

[34] *State v. Williams, supra* note 14.

[35] See, *State v. Nelson, supra* note 6; *State v. Williams, supra* note 14.

pretrial motion to its actual filing, but it does not follow that such period is not excludable under other provisions of § 29-1207(4). The circumstances surrounding Collins' motions to quash the amended information and the second amended information are unique in that, per defense counsel's request, the hearings were set on the motions before they were filed. As set forth above, at previously scheduled hearings, defense counsel announced his intent to file the motions to quash, which he had yet to prepare. Defense counsel orally requested that the court set the matters for future pretrial hearings on the motions to quash that defense counsel intended to file, and the court granted his request. The motions themselves were not submitted to the court and file stamped until sometime later.

A similar situation was presented to the U.S. Supreme Court in *Bloate v. United States*,[36] wherein the Court held that the period of delay from the trial court's grant of the defendant's request for time to file pretrial motions was excludable under 18 U.S.C. § 3161(h)(7)(A). The Court held that the trial court's grant of the defendant's request to extend the time previously granted to file pretrial motions was not excludable under 18 U.S.C. § 3161(h)(1) as "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to— . . . (D) delay resulting from any pretrial motion, *from the filing of the motion* through the conclusion of the hearing on, or other prompt disposition of, such motion." (Emphasis supplied.) By its plain terms, the more specific language, that the delay is excludable only "*from the filing* of the motion,"[37] controlled the more general phrases "[a]ny period of delay resulting from other proceedings concerning the defendant" and "delay

---

[36] *Bloate v. United States*, 559 U.S. 196, 130 S. Ct. 1345, 176 L. Ed. 2d 54 (2010).

[37] *Bloate v. United States, supra* note 36, 559 U.S. at 206 (internal quotation marks omitted).

resulting from any pretrial motion" in 18 U.S.C. § 3161(h)(1). However, the Court acknowledged it "would be unpalatable to interpret the Speedy Trial Act to 'trap' district courts for accommodating a defendant's request for additional time to prepare pretrial motions" and held that such requests could be excluded under 18 U.S.C. § 3161(h)(7)(A) as periods of delay resulting from continuances granted at the request of the defendant or his or her counsel or at the request of the attorney for the Government—when accompanied by a trial court's finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.[38] Two Supreme Court justices dissented and opined that granting defense requests for additional time to complete pretrial motions entails a delay resulting from a proceeding concerning the defendant and was thus a delay automatically excluded under § 3161(h)(1) without any express findings by the trial court.

[12,13] We agree with the reasoning in *Bloate v. United States* that a more specific statutory phrase, herein namely "the time from filing until final disposition of pretrial motions,"[39] restricts a more general one, herein "[t]he following periods shall be excluded in computing the time for trial: (a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to . . . ."[40] In reading a statute, we must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute.[41] When a general phrase follows a list of specific

---

[38] *Id.*, 559 U.S. at 213.

[39] § 29-1207(4)(a).

[40] § 29-1207(4).

[41] See *SID No. 1 v. Nebraska Pub. Power Dist.*, 253 Neb. 917, 573 N.W.2d 460 (1998).

things, the specific terms modify and restrict the interpretation of the general phrase.[42]

But we find that the additional periods of delay tied to Collins' requests at the scheduled hearings to set for future hearings, matters relating to his intended motions to quash, are excludable under § 29-1207(4)(b) as continuances. Section 29-1207(4)(b) sets forth the following as excludable:

> The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel. A defendant without counsel shall not be deemed to have consented to a continuance unless he or she has been advised by the court of his or her right to a speedy trial and the effect of his or her consent. . ..

Relying in part on the definition by Black's Law Dictionary 400 (11th ed. 2019) of a "continuance" as the "adjournment or postponement of a trial or other proceeding to a future date," we held in *State v. Space*[43] that a "'continuance'" refers to the circumstance where a court proceeding set for one date is postponed to a future date and not the mere passage of time. We said "such a definition necessarily presumes that before there can be a 'continuance' of a proceeding, there must have been an initial setting,"[44] i.e., "the circumstance where a court proceeding set for one date is postponed to a future date."[45] We accordingly held in *State v. Space* that the lack of a defense objection to the court's pronouncement at the final plea hearing of the initial setting of the trial date did not entail continuance under § 29-1207(4)(b), because there had been no postponement of something previously scheduled for a certain date.

[14] In contrast to the facts of *State v. Space*, Collins requested or consented to delays of previously scheduled

---

[42] See *Kuhn v. Wells Fargo Bank of Neb.*, 278 Neb. 428, 771 N.W.2d 103 (2009).

[43] *State v. Space*, 312 Neb. 456, 466, 980 N.W.2d 1, 9 (2022).

[44] *Id*.

[45] See *id*. at 467, 980 N.W.2d at 10.

arraignment hearings in conjunction with the motions to quash he announced he was intending to file. This was logical, as a plea of not guilty, whether made by the defendant or entered by the court when on arraignment the defendant stands mute, is a waiver of all defects in an information that can be reached by a motion to quash.[46]

We hold that these periods of delay of arraignment are continuances excludable under § 29-1207(4)(b). The period excludable for a continuance under § 29-1207(4)(b) commences on the day immediately after the continuance is granted and includes the day on which the continuance ends.

For the January 11, 2024, motion to quash the information, Collins asked for a continuance of the arraignment on the subject information, which had been originally scheduled for January 11. At the hearing on February 1 on Collins' motion to quash, the court set arraignment for February 20, which is when arraignment on the information ultimately occurred.

In conjunction with Collins' March 19, 2024, announcement of his intent to file a motion to quash the amended information that was filed in response to the court's ruling on Collins' motion for a bill of particulars, Collins was not arraigned as planned at that hearing. Though Collins was presumably to be arraigned on the amended information at the April 4 hearing, the State had filed its second amended information the day before the hearing, so that never occurred.

In conjunction with Collins' April 4, 2024, announcement that he would be filing the motion to quash the second amended information, defense counsel agreed that arraignment on the second amended information could be delayed until May 8. However, it appears the hearing was held on May 7. At that hearing, arraignment was moved to May 21. Arraignment occurred on May 21.

---

[46] See *Trimble v. State*, 61 Neb. 604, 85 N.W. 844 (1901). See, also, e.g., *State v. Liston*, 271 Neb. 468, 712 N.W.2d 264 (2006).

These postponements of arraignment were periods of delay resulting from continuances granted at the request or with the consent of the defendant or his or her counsel.

We find no merit to Collins' argument that the entirety of the delays of the January 11 and April 4, 2024, arraignments are not excludable under § 29-1207(4)(a) and (4)(b), because the State failed to have the sheriff serve him with a copy of the operative informations at least 24 hours before those hearings. Though Collins acknowledges the arraignments could have been delayed by a mere 24 hours, he argues the entirety of the delays until the arraignment hearings should be attributable to the State because there is no record that the State requested that the arraignments take place sooner. Collins relies on § 29-1802, which provides that "[n]o one shall be, without his or her assent, arraigned or called on to answer to any indictment until one day has elapsed after receiving in person or by counsel or having an opportunity to receive a copy of such indictment." Section 29-1802 also sets forth that

> [w]ithin twenty-four hours after the filing of an indictment for felony, and in every other case on request, the clerk shall make and deliver to the sheriff and the defendant or his or her counsel a copy of the indictment, and the sheriff on receiving such copy shall serve the same upon the defendant.

[15] Leaving aside whether § 29-1802 in fact prohibits arraignment for lack of service of process by the sheriff, as opposed to lack of receipt in person or by counsel or opportunity to receive a copy of the indictment, we disagree with Collins' premise that the State was bound to bring the parties into court for arraignments before the hearings scheduled at Collins' request to consider his motions to quash those indictments. A period of delay is excludable under § 29-1207 regardless of whether it overlaps with a period of delay requested by or to the benefit of the State. To accept Collins' argument that the entire period of the delay of the arraignments is not excludable would only establish the kind of

"'trap'" the U.S. Supreme Court in *Bloate v. United States* was careful not to set.[47]

According to our calculations, once periods of delay are excluded under § 29-1207(4)(a) as resulting from pretrial motions and under § 29-1207(4)(b) as continuances, the last date for trial with an original speedy trial date of July 8, 2024, was January 29, 2025.

The period from January 12 to February 15, 2024 (35 days) is excludable under § 29-1207(4)(a) due to Collins' filing of the motion to quash the original information. Discounting the overlapping days already excluded from the time of filing to the court's disposition of the motions to quash, 5 additional days are excluded under § 29-1207(4)(b), from February 15 to 20, as a continuance of the arraignment that was originally scheduled for January 11 on the original information and was postponed to February 20. These two periods of delay together total 40 days.

Collins does not contest the court's finding that the days attributable to his motion for a bill of particulars filed on February 22, 2024, between his first and second motions to quash, and decided on March 5, were excludable under § 29-1207(4)(a). We calculate these to be 12 additional excludable days.

The period from March 29 to April 4, 2024, is excludable under § 29-1207(4)(a) from the day after the filing of the motion to quash the amended information on March 28 to and including the court's final disposition of the motion on April 4, in which it found the motion moot. We agree with the State that relevant to the speedy trial clock is the court's order disposing of the motion to quash the amended information as moot, and not when the mootness arose. Additionally, the period from the day after Collins' March 19 announcement of his intended motion to quash the amended information, at the hearing the court had scheduled for arraignment, up to and including

---

[47] *Bloate v. United States, supra* note 36, 559 U.S. at 213.

March 29, is excluded as a continuance under § 29-1207(4)(b). These two periods add 16 days.

The period from the filing of the motion to quash the second amended information on April 29, 2024, until its disposition on May 16 is excludable under § 29-1207(4)(a). This is encompassed by the period from Collins' agreement on April 4 to delay arraignment on the second amended information, which did not occur until May 21, which is excludable under § 29-1207(4)(b). Discounting overlapping periods, these total 47 excludable days.

Adding the above 115 excludable days sets the new speedy trial date for October 31, 2024.

Collins does not dispute that, if the speedy trial clock did not expire beforehand, the days attributable to his motion to suppress, filed on July 29, 2024, and decided November 20, are also excludable under § 29-1207(4)(a). We calculate this period of delay as 114 days, for a speedy trial date of February 22, 2025. This encompasses the period of delay attributable to the court's final disposition of all the October 19, 2024, motions, which did not occur until its order on October 27. Because Collins filed his motion for discharge before February 22, 2025, it lacked merit. We affirm the judgment of the district court. We find it unnecessary to address the State's cross-appeal, which all relates to its attempts to show good cause. Good cause is not an element of the above excludable periods of delay.

## CONCLUSION

For these reasons, we affirm the judgment of the district court.

AFFIRMED.